[Civil No. 3414. Filed January 29, 1934.]

[28 Pac. (2d) 1007.]

JOHN H. WISE, Petitioner, v. SIX COMPANIES, INC., Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. O. V. Willson and Mr. E. H. Karz, for Petitioner.

Messrs. Moore & Shimmel, for Respondent Six Companies, Inc.

LOCKWOOD, J. — John H. Wise, hereinafter called petitioner, was in the service of Six Companies, Inc., hereinafter called defendant. On July 11, 1932, he was injured by having the ends of the second and third fingers of his right hand crushed. The crushed ends were removed, and on September 12th the Industrial Commission, hereinafter called the commission, made findings in the usual form in regard to the injury, and awarded petitioner $146.67 for temporary total disability and $66.10 per month for four and one-half months for partial permanent disability, the first payment for the latter to commence on September 30th. This award was not contested by anyone, and, no motion for rehearing being made thereon, or *certiorari* to this court being taken, it eventually became final. The commission heard nothing further from petitioner until March 29, 1933, when he appeared before it and complained of tenderness in the ends of his fingers. He was referred to Dr. A. C. Kingsley, then physician for the commission, who reported that there was a small portion of nail remaining in the ends of the crushed fingers.

Although no formal application for increase or rearrangement of compensation had been made, petitioner on May 1, 1933, was awarded by the commission $96.80 additional for temporary total disability. No motion for rehearing or appeal from this award was taken, and it also in due course became final. Immediately following the award, however, and on May 5th, petitioner appeared with an attorney and stated that he had previously complained to his employer's doctor that he was not yet well, and orally asked for increased compensation from December, 1932, to March 29, 1933. Although it does not appear that any formal written application for re-ad-

justment or increase of compensation had been made, he was referred to the commission's physician, and on May 13th a small piece of nail was taken from his fingers and on June 9th another one. Thereafter, and on June 30, 1933, another amended award was made, increasing the compensation for total temporary disability by the sum of $146.66. A motion for rehearing on this award was made and denied, and writ of *certiorari* thereafter issued in due time.

We have set forth in the case of *Zagar* v. *Industrial Com.*, 40 Ariz. 479, 14 Pac. (2d) 472, the manner in which an application for an increase of compensation must be made and the date from which such increase may be allowed. Therein we hold that mere informal complaints as to the sufficiency of an award cannot be considered as an application for increased or re-arranged compensation under the provision of section 1447, Revised Code 1928, but that a formal application for such increase or re-arrangement must be made. We also hold that in no case may increased compensation be awarded for a period prior to the date of filing of such application.

The record does not show that any formal application for increase or re-arrangement of compensation was ever made at any time, but, since it appears that an amended award was made on June 30, 1933, we must assume that, since the commission would have had no authority to make it without formal application therefor, such application was made, but, since there was a previous award made on May 1, 1933, from which no appeal was ever taken to this court, no compensation could under any circumstances have been granted petitioner for temporary or permanent disability existing before that date, and only after that date for such disability resulting from the injury as might have become known for the first time since the granting of the award of May 1st. *Zagar* v. *Industrial Com., supra; Doby* v. *Miami Trust Co.*, 39

Ariz. 228, 5 Pac. (2d) 187. There is nothing in the record to show us upon what the commission based its increased award of June 30th, except certain letters referring to operations upon petitioner's fingers, and these are sufficient to justify the award.

The only question before us under the law and the record submitted is whether the award appealed from is sustained by the evidence, and, since it does not appear affirmatively that it was not, it must necessarily be affirmed, and it is so ordered.

ROSS, C. J., and McALISTER, J., concur.