[Civil No. 3791. Filed March 8, 1937.]

[65 Pac. (2d) 655.]

J. E. BATES, Petitioner, v. P. J. LINDE, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Messrs. Mathews & Wheeler, for Petitioner.

Mr. Don C. Babbitt, Mr. Howard A. Twitty, for Respondent Industrial Commission.

LOCKWOOD, J.—This matter is before us on a writ of *certiorari* from an award of the Industrial Commission, hereinafter called the commission, denying the request of J. E. Bates, hereinafter called petitioner, to consolidate two cases pending before the commission, and to grant a reopening of the case as consolidated.

The record shows the facts to be substantially as follows: On the 7th day of April, 1935, petitioner sustained certain injuries arising out of and in the course of his employment to the index finger of his right hand. He filed a petition for compensation for such injury, which was docketed by the commission as case No.

L–2611, and on August 26, 1935, an award was made giving petitioner compensation for temporary total disability from April 7th to August 19th, and, in addition, for permanent partial disability equal to about 5 per cent. loss of function of his right hand. No petition for a rehearing on this award was filed within the time allowed by the rules of the commission, nor was *certiorari* taken to this court. Thereafter, petitioner claimed that on the 7th day of January, 1936, he received another injury arising out of and in the course of his employment to his right hand, which resulted in sprained ligaments and muscles in his forearm and wrist. He applied to the commission for compensation for this injury and the case was docketed as claim No. AA–512. The commission received reports from Dr. Thos. W. Woodman and Dr. R. F. Palmer in regard to the condition of petitioner, and on these reports held that the disability which petitioner complained of to his wrist and forearm was not the result of a compensable accident, within the meaning of our law. This award was made on the 13th day of April, 1936. Petitioner requested a rehearing, which was granted and heard on June 2d, and thereafter, and on June 11th, the award of April 13th, denying compensation, was affirmed. On July 1st, petitioner made an application to the commission setting up the above facts, and requesting as follows:

"Wherefore, applicant prays for a consolidation of the said two cases above numbered, and that he be allowed a hearing upon them jointly and that he be awarded compensation either by reason his right hand becoming worse from the first injury or that he be compensated for his last injury according to the Workmen's Compensation Act of Arizona [Rev. Code 1928, § 1391 et seq., as amended]."

The commission made the following order:

"Motion to Consolidate and Reopen and Application for Hearing the above numbered claims having been filed by applicant on the 2d day of July, 1936, and said motion having been considered by this Commission, and it appearing to this Commission that it has rendered its decision on rehearing in case number AA–512 on June 11, 1936, wherein it held that applicant had not suffered a compensable injury by accident on or about January 7, 1936, and that it has made its findings and award in the case numbered L–2611 on August 26, 1935, which since has become final, and that it further appearing that in any event the issues of said claims require a separate hearing:

"Now, Therefore, It is Ordered that the Motion to Consolidate and Reopen and Application for Hearing be and the same is hereby denied, but that said order is made without prejudice to applicant's right to re-open case number L–2611 on a proper showing that the disability resulting from said accident has increased since the date of the award made by this Commission on August 26, 1935."

Thereafter this petition for writ of *certiorari* was filed.

 The original award in case No. L–2611 was made on August 26, 1935. No petition for rehearing was asked within the time permitted by the rules of the commission, nor was there an application for *certiorari* made to this court in the time allowed by the statute. The award, therefore, became final and conclusive as to the injuries incurred by petitioner on the 7th day of April, and as to his condition as of the date of the award. *Di Paolo* v. *Calumet & Arizona Min. Co.*, 36 Ariz. 347, 285 Pac. 680; *Russell* v. *Bald Eagle Min. Co.*, 44 Ariz. 105, 33 Pac. (2d) 616. The only manner in which he could claim further compensation as a result of such injury was by a proper petition, alleging that complications arising from the accident, but unknown at the time of the award, had since caused his condition to change for the worse, and in case the

commission was satisfied that such was the fact, it had the jurisdiction to grant additional compensation, commencing with the date of application for readjustment. *Wise* v. *Six Companies,* 43 Ariz. 24, 28 Pac. (2d) 1007; *Russell* v. *Bald Eagle Min. Co., supra.* It is obvious, though, that any such claim necessarily would be entirely separate and distinct, both on the facts and the legal conclusions to be drawn from such facts, from a claim for the result of the alleged injury sustained in January, 1936. We think, therefore, that it would have been improper for the commission to consolidate the claims for compensation arising out of two separate and distinct accidents occurring nearly a year apart.

So far as claim No. AA–512 is concerned, there has been an original award on the 13th day of April and a petition for rehearing, which was granted, and the case was reheard and an award made on such rehearing on June 11th. This was final unless petitioner, within the proper time, applied to this court for a writ of *certiorari.* Section 1452, Revised Code of 1928, allows petitioner thirty days in which to make his application. It appears that this was done in a timely manner and we, therefore, consider whether the award of June 11th, denying petitioner compensation, was sustained by the law and the facts.

The point upon which this turns is whether the condition of his wrist, which he claimed was caused by a traumatic injury on January 7, 1936, was so caused, or whether it was the result of tenosynovitis, which is admittedly an occupational disease, and not subject to compensation under the terms of the act.

We have the perennial situation of a conflict in the medical testimony on this point. The medical adviser to the commission, Dr. R. F. Palmer, and Dr. Thos. W. Woodman, stated that they believed the dis-

ability was the result of an occupational disease. Two other physicians stated that they thought it was caused by some traumatic injury. Under these circumstances, the decision reached by the commission on conflicting opinions is binding upon this court. *Ison v. Western Vegetable Distributors,* 48 Ariz. 104, 59 Pac. (2d) 649.

Since it appears (a) that the commission properly refused to consolidate the two claims, (b) that their award in claim AA–512 was sustained by the evidence, and (c) that such award was made without prejudice to the right of petitioner to ask, in the proper manner, for readjustment of compensation under claim L–2611, the award is necessarily affirmed.

McALISTER, C. J., and ROSS, J., concur.