[Civil No. 4534. Filed December 21, 1942.]

[132 Pac. (2d) 432.]

J. B. RHOADES, Petitioner, v. LEE MOOR CON-
TRACTING COMPANY, Employer; EMPLOY-
ERS' LIABILITY ASSURANCE CORPORA-
TION, LTD., Insurance Carrier; THE INDUS-
TRIAL COMMISSION OF ARIZONA, and L. C.
HOLMES, and LYNN LOCKHART, as Members
of The Industrial Commission of Arizona, Re-
spondents.

Messrs. Cox & Cox, for Petitioner.

Mr. Rouland W. Hill, and Mr. Cavett Robert, for Respondent The Industrial Commission of Arizona.

Messrs. Jennings & Salmon and Mr. Ozell M. Trask, for Respondents Lee Moor Contracting Company and Employers' Liability Assurance Corporation.

McALISTER, J.—This cause is here on a writ of *certiorari* issued upon the petition of J. B. Rhoades for the purpose of obtaining a review of an award by the Industrial Commission. The facts necessary to a determination of the case are not in dispute and are as follows:

The petitioner, J. B. Rhoades, was injured on July 17, 1939, in the course of his work as an employee of the Lee Moor Contracting Company whose insurance carrier was the Employers' Liability Assurance Corporation, Limited. On August 7, 1940, he was awarded compensation for temporary disability in the sum of $1,392.50, and for permanent partial disability. of the left foot in the sum of $78 monthly, for four months, and following a rehearing of the application on September 20, 1940, the award was affirmed on October 18, 1940.

The condition of the petitioner did not improve, so, upon his application dated March 12, 1941, the case was reopened on April 3, 1941, another hearing had at which new evidence was taken and on July 7, 1941, an order was entered granting additional compensation for traumatic neurosis in the lump sum of $459.38. This ruling was entitled by the commission ''Decision Upon

Rehearing,'' but was in fact the original and only decision upon the petition to reopen the case and to readjust compensation, and not a decision on rehearing.

Within 20 days thereafter, that is, between July 7th and 27th, petitioner orally protested the title given this decision, a ''Decision Upon Rehearing,'' and also requested that, since this case presented a purely medical question and the evidence was conflicting, it be submitted to the Medical Advisory Board, whereupon he was advised by the claims department of the Industrial Commission that he could do nothing further before the commission, but that his only remedy was an appeal to the Supreme Court.

Neither the petitioner nor anyone for him filed an application for a rehearing within the period allowed by the rules of the Industrial Commission therefor, that is, 20 days from July 7, 1941, though his personal physician at that time, Dr. L. L. Tuveson, also protested orally within this time the calling of the decision one upon rehearing and in addition requested that the medical question in the case be submitted to the Medical Advisory Board. This request was renewed by him in a letter dated August 7, 1941.

The Industrial Commission did not act upon the oral protests or requests, nor upon the written request of Dr. Tuveson, since it was received more than 20 days after the making of the award, and some eight months later, or on March 2, 1942, petitioner filed an ''Application for Decision Upon Protest to Decision'' and a ''Petition and Application for Readjustment of Claim.'' In the former he set forth the facts relative to the action of the commission on his application of March 12, 1941, to reopen the case, the oral protests of himself and Dr. Tuveson and his refusal to accept the increased compensation of $459.38. He alleged also that it is now, and has been, the practice of the commission to allow an applicant aggrieved because of its de-

cision to protest the same without the necessity of filing a formal application for rehearing and, therefore, he was entitled to a decision by the commission upon his protest of the decision of July 7, 1941, wrongfully entitled "Decision Upon Rehearing." He requested further that the commission determine that he did make application for a rehearing within the time allowed by law, that is, that his oral protest of the award should have been treated as an application for a rehearing, and that it grant him a rehearing upon his oral protests.

The commission declined to regard the oral protests, though made within 20 days, as a petition for a rehearing, and it was justified in so doing under the rules of the commission and their construction in *Schultz* v. *Industrial Commission*, 44 Ariz. 357, 37 Pac. (2d) 372; *Hershkowitz* v. *Arizona Highway Department et al.*, 56 Ariz. 494, 109 Pac. (2d) 46, and *Wise* v. *Six Companies, Inc.*, 43 Ariz. 24, 28 Pac. (2d) 1007. If the commission, notwithstanding its rules, had been following the practice of accepting oral protests of an award as a compliance with the rule requiring the filing of an application for a rehearing, this fact should have been established by proof, but none was offered. So, if petitioner desired a rehearing of his application to reopen the case and readjust compensation, he should have disregarded the fact that the commission had entitled its award a "Decision Upon Rehearing," since it was in fact an original decision upon the application to reopen and readjust, and have filed a petition requesting a rehearing within 20 days from July 7, 1941. Just why the award was so designated does not appear, unless it be that the commission felt that the hearing on the petition to reopen and readjust was in reality a rehearing of the original petition for compensation. However, it was not a rehearing in any sense of the term but an original hearing upon the first application

to reopen and readjust compensation, and was, to all intents and purposes, a new proceeding that gave the petitioner, if dissatisfied with the award made upon that hearing, the right to have his application considered again upon a rehearing.

In his ''Application for Readjustment of Claim'' filed on March 2, 1942, Rhoades, without waiving his application for ''Decision Upon Protest to Decision,'' petitioned the commission for a rehearing of his claim upon these two grounds: First, that petitioner was then ''suffering from greater percentage of total disability than that awarded to him by the commission upon its decision upon rehearing dated on or about the 7th day of July, 1941''; Second, that ''petitioner has evidence to present to the commission, which petitioner is informed and believes will conclusively show petitioner's increased disability.'' The petitioner then prays that in case his application for decision upon protest to decision should be denied, his application for readjustment of claim be heard and that he be granted an increase in compensation. The application for readjustment of claim for compensation was denied on April 15, 1942, notwithstanding the application for decision upon protest to decision was denied also at the same time, so on May 5th, thereafter, the petitioner filed a petition for rehearing of the application for readjustment of his claim and this was denied on May 16, 1942. Both orders, the one dated April 15th and that of May 16th, were entered without giving petitioner an opportunity to be heard or to introduce any evidence, although he had requested both, and because of its failure in this respect, petitioner claims that the commission exceeded its jurisdiction in making them.

While respondents contend that the application for readjustment was merely a petition for a rehearing and in no sense an independent application for a rearrangement of his compensation upon the ground of

increased disability following the award of July 7, 1941, it would seem to be clear from the application that the petitioner was not seeking a rehearing but a rearrangement of his compensation upon the ground that his disability had increased since that award, and we think it should have been so treated by the commission. The language asking for a rehearing of this claim should have been disregarded in view of the allegation that he was suffering from a greater percentage of total disability than that awarded him by the commission on the 7th day of July, 1941, and his application for readjustment heard. If his disability did increase following that award and this was not compensated for therein, as he alleges, there can be no question of his right to compensation therefor. For instance, if the petitioner had suffered a 10 per cent disability of his foot and was awarded compensation upon this basis, his right to an additional award later on, if he could show that his disability had increased to, let us say, 20 per cent would be unquestioned. Even though the commission might have known at the time the award was made that his condition would be a continuing one and in all probability grow worse, yet he would be entitled to additional compensation later if he could show increased disability that had not been covered by the commission in its previous award, and the same would be true if he could show still later that his disability had increased, and so on, as long as it grew greater, until it reached 100 per cent or total disability.

Respondents suggest further that even though the facts alleged in petitioner's application of March 2, 1942, for a readjustment of his compensation were such as to bring it within the rule governing the rearrangement of compensation, the commission still could not consider it because the petitioner did not submit with it a certificate of the physician who attended him as required by section 56–967, Arizona Code 1939.

While petitioner did not submit such a certificate with his application, the record discloses that shortly before it was filed, and subsequent to the award of July 7, 1941, his physician, Dr. Tuveson, filed with the commission two reports of petitioner's condition, one from a sanitarium in Glendale, California, and the other from the White Memorial Hospital of Los Angeles, and in his letter of transmittal, dated November 13, 1941, called the attention of the commission to the fact that "Since the hearing Mr. Rhoades' condition has progressively become worse," that these two reports were made at Rhoades' personal expense and that he (the doctor) would like to present them as further evidence in this case. This, we think, complies with the spirit of the statute, and was sufficient to make it the duty of the commission to hear the application for readjustment of compensation filed on March 2, 1942.

But even though this were not true, the record discloses that on May 5, 1942, following the order of April 16, 1942, denying the application for readjustment of claim, petitioner filed an application for rehearing and that within two days thereafter, or on May 7th, he filed, as his attorneys advised in their letter accompanying the petition they would do, an additional opinion from Doctors L. L. Tuveson and Ralph F. Palmer, stating that petitioner was examined by them jointly on March 19, 1942, that he was then suffering from total temporary disability and that his increased disability above that determined on July 7, 1941, arose out of the injuries sustained by him in the accident of July 17, 1939. This petition was denied without giving the petitioner an opportunity to be heard. This was clearly erroneous.

The order of April 16th, denying the application to readjust his claim and that of May 16, 1942, denying a rehearing, are set aside.

LOCKWOOD, C. J., and ROSS, J., concur.