445 P.2d 79

·James O. LAIRD, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and Frank . G. Murphy, John L. Ahearn and C. Lawrence Huerta, Members of the Industrial Commission of Arizona, and Cochise County Board of Supervisors, (Cochise County Sheriff's Office), Respondents.

No. I CA–IC I70.

Court of Appeals of Arizona.

Sept. 17, 1968.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Former Chief Counsel, Robert D. Steckner, Chief Counsel, by Spencer K. Johnston, Tucson, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona which found that the petitioner had sustained an unscheduled permanent partial disability without any loss of earning capacity.

We are called upon to determine whether or not the evidence was sufficient to require the Commission to reopen the award (1) as to petitioner's physical condition and (2) as to the Commission's determination that petitioner has suffered no loss of earning capacity.

The facts necessary for a determination of this matter are as follows. In 1958, in Claim Number AR 25481, the petitioner sustained an injury to the lower back while working as an automobile mechanic. The claim was accepted by the Commission and the petitioner was awarded a 10% unscheduled permanent partial disability. In 1964, in Claim Number AZ 42174, which

is the file presently before this Court, the petitioner reinjured his low back area while working for the Cochise County Sheriff's Office. This was accepted by the Industrial Commission as an industrial injury and the Commission on 9 August 1966 found that he had sustained an unscheduled partial disability over and above that 10% disability sustained as a result of his accident on 28 August 1958, that the condition had become stationary and required no further medical treatment, and that the petitioner was entitled to temporary partial disability compensation from 14 May 1965 through and including 11 May 1966. The Commission further found that:

> "There is insufficient evidence before the Commission at this time to determine what loss of earning capacity if any the applicant has sustained as a result of his permanent partial disability."

This order and award contained a 20-day clause and the award was allowed to become final. On 4 November 1966 the Commission entered its Findings and Award stating:

> "That this Commission finds that said applicant has returned to work as a shop foreman and able to perform work as the same but no loss of earnings; therefore he would not be entitled to benefits under the provisions set forth in A.R.S., Section 23–1044(d) 1956."

This finding was protested, petition for hearing filed, and hearing held 31 March 1967. However, after the finding of 4 November and before the hearing of 31 March 1967, to wit: on the 28th day of November 1967, the petitioner again sustained an industrial injury to the low back area.

After the formal hearing of 31 March 1967 the Commission, on 2 July 1967, entered an award finding that petitioner had failed to show any new or additional disability as the result of the accident of 1964. The Commission also found that the petitioner had not suffered a loss of earning capacity with reference to the accident of 1964. From an award on 5 September 1967

affirming the 2 July 1967 award, petitioner applied to this Court for a writ of certiorari.

## REOPENING

The first question presented for review is whether the Commission properly denied the petition to reopen as to petitioner's physical condition. This matter is complicated by the fact that the petitioner suffered another injury to the same back area on 28 November 1966 after the filing of the petition to reopen and before the hearing in March 1967. At that hearing Dr. Verhelst testified on cross-examination as follows:

> "Q Then between the date of the hearing of October 27, 1965 and the date of the new industrial accident on November 28, 1966, you did not see Mr. Laird with reference to his back problems from his industrial accident; am I correct?
>
> "A That's correct.
>
> "Q Then during that period of time from October 27, 1965 through November 27, 1966, you don't have any evidence that there was any change in his physical condition; am I correct, doctor?
>
> "A Correct.
>
> "Q And you have no evidence of any new and additional disability, am I correct, sir, during that period of time?
>
> "A That's correct."

The Commission takes the position that since there was insufficient evidence from which the Commission could find that there was a new additional or previously undiscovered injury relating to the 1964 injury the Commission need not reopen the claim.

Petitioner on the other hand takes the position that the reinjury of 28 November 1966 is in itself sufficient to comply with the new or additional requirement for reopening. Indeed, the petitioner in his brief includes the report of the medical consultation board held 10 July 1967 to support this claim that the matter should be

reopened. The report of that board states that the petitioner's complaint

"represents a continuity of symptoms dating back to 1958 and the most recent flare-up following the twisting of the injury of 11–28–66 was just another of a series of minor aggravating incidents."

The board recommended further medical investigation and concluded that "this case is not stationary at the present time and cannot be closed until further information as deliniated above is available."

We are aware of the difficulty facing not only petitioner but the Commission when it finds it is necessary to evaluate successive injuries particularly when these injuries are to the same area as in the case before the Court.

Our Supreme Court has stated:

"Before employee is entitled to have his case reopened and relief granted, and before the Commission has authority under the law to grant the relief sought, the burden is upon employee to establish that he had suffered new, additional and previously undiscovered disability arising out of the prior injuries concerned with his two claims." Davila v. Industrial Commission, 98 Ariz. 258, 261, 262, 403 P.2d 812, 814 (1965). See also London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929 (1950).

As to this claim the petitioner has the burden of showing that the new physical disability arose out of the 1964 accident. Even if we should include the medical consultation report from the November 1966 accident we do not believe from reading the file before us that the petitioner has sustained his burden of presenting sufficient evidence to require the Commission to reopen the 1964 claim. Pacific Motor Trucking Company v. Industrial Commission, 88 Ariz. 265, 355 P.2d 966 (1960). The report of the November 1966 accident may not be considered by the Commission in reaching its decision in this claim in absence of an opportunity for cross-examination by the parties to the claim.

It may well be that this is a matter that calls for consolidation and apportionment of the claims involved, and we can agree that such a procedure might be indicated. Our Supreme Court stated in an early case:

" * * * It would have been improper for the commission to consolidate the claims for compensation arising out of two separate and distinct accidents occurring nearly a year apart." Bates v. Linde, 49 Ariz. 192, 196, 65 P.2d 655, 657 (1937).

Since Bates v. Linde, supra, however, our legislature (in 1963) added Sections A (5) and B to § 23–1065 A.R.S. which read as follows:

"5. An employee who suffers from a pre-existing disabling condition other than defined in paragraphs 3 and 4 of this section whether or not created by an industrial injury, and who thereafter sustains an injury by accident arising out of and in the course of his employment within the meaning of § 23–1044, which subsequent accident has aggravated the previous condition, shall receive such benefits as provided in § 23–1044, however, any additional compensation paid in excess of what may be reasonably attributed to the second injury shall be paid solely from the fund created by this section, provided the combined disabilities total forty per cent or more general physical functional disablement.

"B. In the event the injured employee is awarded additional compensation, under the provisions of paragraph 3, 4, or 5, the commission retains jurisdiction to amend, alter or change the award upon a change in the physical condition of the injured employee resulting from the injury."

And while this addition to our statute does not provide for consolidation and apportion-

ment as do many so-called "second injury fund" statutes, we do not believe it prohibits such action. We agree with the rationale of the California court in considering a series of back injuries which stated:

"Here again is an example of why claims of cumulative disability which overlap claims of specific injuries must be considered as one cause of action and completely determined in one proceeding." Miller v. Workman's Comp. Appeals Board, Cal.App., 65 Cal.Rptr. 835, 839 (1968).

## LOSS OF EARNING CAPACITY

 The petitioner alleged in addition to his contention that he suffered a new, additional, or previously undiscovered disability, that he also suffered a loss of earning capacity as a result of the 1964 accident. The petitioner's average monthly wage at the time of the 1964 accident was established to be $450 per month. At the hearing in March 1967, the claimant testified that he was then working as a shop foreman and that his wage was $600 per month. Prior to taking the foreman's job, the evidence showed that the petitioner was employed as a mechanic doing light work and that he had never made less than the $450 per month average monthly wage. While our Supreme Court has stated that the Commission may not base its loss of earning capacity on post-injury earnings alone, Shroyer v. Industrial Commission, 99 Ariz. 266, 408 P.2d 406 (1965), it is also stated that post-injury earnings may raise a presumption of at least commensurate earning capacity. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967). It is our opinion that the petitioner has not sustained his burden of showing that he suffered a loss of earning capacity as the result of his 1964 injury.

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.