445 P.2d 86

Robert ASBURY, Petitioner,

v.

RALPH M. PARSONS COMPANY, Defendant Employer, the Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.

No. I CA–IC 161.

Court of Appeals of Arizona.

Sept. 17, 1968.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, by Spencer K. Johnston, Tucson, and Dee-Dee Samet, Phoenix, for respondents.

STEVENS, Judge.

The issues presented are in part procedural and in part in relation to whether the evidence reasonably supports the Award denying a finding of permanent physical injury.

## PROCEDURE

■ The Court has this day decided the case of Soto v. City of Tucson, 8 Ariz.App. 199, 445 P.2d 82 (Industrial Commission). In *Soto* we considered a problem which is also presented in the matter now under consideration, that is, the propriety of combining a petition for hearing after an Award with a petition to reopen. In commenting on this dual approach, in *Soto* we stated that this procedure " * * * creates a procedural problem which we believe makes these claims unduly difficult and unwieldy for both counsel for the petitioner and for the Commission. * * * We believe that the better procedure would be to consolidate the two issues and keep the award open pending determination of the petition to reopen." The action of the Industrial Commission in denying the petition for hearing, while at the same time directing that the petition to reopen be held for further Industrial Commission action, did not preclude our review of the merits of the Industrial Commission ruling denying the petition for hearing.

■ In the petition for hearing the petitioner urged that he ·be afforded the oppor-tunity to cross-examine all persons who had made reports which appear in the file which were considered by the Industrial Commission in reaching its decision. The petitioner made other additional requests. The Industrial Commission responded by urging that the petitioner had had his opportunity in relation to these matters at the time of the formal presentation of the evidence which had theretofore taken place. It is our opinion that the Arizona Supreme Court has decided these contentions adversely to the petitioner in the case of Davis v. Industrial Commission, 103 Ariz. 114, 437 P.2d 647 (1968), an opinion which was rendered after the filing of the petition for hearing before the Industrial Commission and prior to the rendition of this decision.

## THE AWARD

■ The petitioner sustained an industrially related back injury on 10 March 1964 and therefor he received medical treatment together with temporary disability payments. He was examined by doctors in medical consultation. Prior to the final disposition of the claim by the Industrial Commission, the petitioner was engaged in gainful employment at wages substantially similar to the wages earned at the time of his injury. We express no opinion as to whether this was a factor in the decision of the Industrial Commission. Loss of earning capacity has been discussed by this Court in two opinions filed this date. See Soto v. City of Tucson, 8 Ariz.App. 199, 445 P.2d 82 and Laird v. Industrial Commission, 8 Ariz.App. 196, 445 P.2d 79.

As we view the issues presented to us, the crux of petitioner's contentions is not so much the question of loss of earning capacity but the propriety of the Award which determines an absence of physical functional disability arising out of the industrial accident. There is evidence that the petitioner continued to experience pain in the area of his injury which reduced his prior capacity for heavy physical work. There is evidence that the petitioner is not one to complain and that he bears pain quite well. The medical evidence is quite

uniform that there is an absence of evidence of objective findings as to any physical impairment arising out of the injury. There was medical evidence that even in the absence of objective findings, there can be an industrially related pain which is disabling. This creates a very difficult problem of evaluation. In this case we cannot find that the Industrial Commission abused its discretion in finding an absence of a physical functional disability arising out of the industrial accident. We express no opinion as to the right to reopen should the pain continue and adversely affect his earning capacity.

The award is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.