445 P.2d 82

**Alfred SOTO, Petitioner,**

v.

**CITY OF TUCSON, Defendant Employer, The Industrial Commission of Arizona, and John L. Ahearn, Frank G. Murphy, and C. Lawrence Huerta, Members of The Industrial Commission of Arizona, Respondents.**

**No. I CA–IC I60.**

Court of Appeals of Arizona.

Sept. 17, 1968.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Former Chief Counsel, Robert D. Steckner, Chief Counsel, by Spencer K. Johnston, Tucson, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission issued on 27 July 1967.

We are called upon to determine:

1. Whether petitioner must be afforded a hearing on a previous petition for hearing which was wrongfully denied him but which wrongful denial he did not seek to review at the time.

2. Whether another related claim should have been reopened as a result of the petition in this case.

3. Whether the Commission used the correct wage base.

4. Whether the petitioner followed recommended procedure in combining the petition for rehearing with a petition for reopening.

The facts necessary for determination of this matter are as follows. The petitioner suffered a back injury on 10 May 1948 in the course and scope of his employment as an engineering aide III for the City of Tucson, Arizona. He filed a claim for compensation which was given Claim No. AD 9645, and it was accepted by the Commission and processed with accident benefits and temporary compensation. This claim was closed with an award which found that petitioner suffered a 20% permanent physical functional disability but no loss of earning capacity. Subsequently, the petitioner filed four more claims for compensation in 1952, 1953, 1957, and 1958. Although the files in these cases are not before us it would appear that these four claims involved back injuries and that they were all closed without a finding of any additional physical disability other than the original injury in 1948. During this time it would also appear that petitioner was not represented by counsel.

In 1959 the petitioner, still without counsel, filed a petition and application for readjustment or reopening of claim. The paper titled "Petition and Application for Readjustment or Reopening of Claim" read as follows:

"On March 11, 1959 I was handed a letter from the Civil Service Commission of the

City of Tucson marked 'DISCHARGE'. It read as follows:

" 'In accordance with the findings of the attending physician, the above employee is no longer able to perform even the lightest type of duty which his position and training with the City requires. He has, however, managed to secure an occupation in private business which he is able to perform and is now engaged in it.' Copy of letter from Mr. Sykes attd.

"The private business mentioned above did not work out—I was in business from March, 1959 until October 1, 1959 and I lost my savings in it.

"I feel that I have more than 20% disability which is due to my injury of 5/10/48, and that I should be entitled to some compensation for this loss inasmuch as I am not able to earn a living at this time."

The file does not reflect exactly what happened to the claim in the 1958 injury. Apparently, claimant, by this paper, petitioned to reopen the 1948 injury and at the same time allowed the award in the 1958 injury to become final without further action.

The 1948 claim was reopened for partial temporary disability compensation benefits and rehabilitation. The petitioner was sent to Lamson's Business College for training in clerical work, but it was later determined that he was unsuited for this type of training. The petitioner developed an ulcer condition which was treated in the V.A. Hospital. He was removed from compensation, and an award issued closing his claim on 30 November 1961. The petitioner, still acting without counsel, filed a petition and application for rehearing on 20 December 1961, alleging that the rehabilitation which he had received was not sufficient to enable him to earn his living, and that he was physically disabled from doing the work in which he was trained. No hearing was granted and on 29 January 1962, the Commission entered findings and an award affirming the previous award and stating that no useful purpose could be

served in holding a rehearing in the matter. This award contained a 20-day clause and was allowed to become final. At that time no formal hearings had been held with regard to this claim.

On 7 August 1962, petitioner, represented by counsel, filed an application for readjustment or reopening of the Claim No. AD 9645 (1948) supported by a medical report. In December of 1962 the Commission issued an award reopening the case for new and additional disability. On 15 January 1963 petitioner underwent back surgery which revealed that a previous fusion had failed to fuse and at that time a second fusion was carried out. Following this second back operation, the petitioner received rehabilitation first in the real estate sales field and later in sewing machine repair and vacuum cleaner repair. The evidence indicates that the Commission made every effort to rehabilitate the petitioner and that the petitioner co-operated with the Commission in this regard.

On 22 July 1965 the Commission issued an award finding that the average monthly wage prior to the personal injury was $213 per month, and that the petitioner could earn approximately $275 per month as a machine repairman, consequently he suffered no loss of earning capacity. A petition and application for rehearing was filed contesting the finding of the average monthly wage alleging that he had been able to continue to work with the City of Tucson until 1958 at which time he was earning approximately $480 per month. This figure is debated but it is clear that at the time petitioner was terminated he was making more than at the time of the 1948 injury. Two formal hearings were held at which petitioner was represented by counsel. On 24 January 1967 the Commission issued an award finding that the petitioner could earn, at the time of the hearing (1965), $216.66 per month and that his average monthly wage at the time of the injury (1948) was $213, and therefore petitioner suffered no loss of earning capacity.

The petitioner on 2 February 1967 filed a "Petition for Hearing" which contained paragraph 5 as follows:

"5. That there has occurred a change affecting the earning capacity as a result of existing disability, and it has affected his earning capacity, all as a result of existing new and additional undiscovered disability."

After further pleadings and awards the Commission issued its findings and award of 27 July 1967 which made the following finding:

"2. That Paragraph 5 of applicant's petition for hearing dated February 2, 1967, shall be processed as a petition for reopening or re-evaluation of applicant's entitlement to benefits subsequent to February 2, 1967."

And made the following award:

"IT IS FURTHER ORDERED that Paragraph 5 of applicant's petition for hearing dated February 2, 1967, shall be further administratively processed."

Thus, we are not concerned in this case with petitioner's situation subsequent to 2 February 1967.

## HEARING ON 1961 PETITION

█ Petitioner in his brief claims he was entitled to a hearing on his petition of 20 December 1961. At that time the petitioner had never been afforded an opportunity for a hearing. Had petitioner brought a writ of certiorari after the Commission's order of 29 January 1962 which stated "that no useful purpose could be served by holding a rehearing in the matter" we would have no hesitancy in setting aside the award. Vidal v. Industrial Commission, 3 Ariz.App. 529, 416 P.2d 208 (1966). In the instant case, however, the petitioner allowed the award to become final. In June of 1962 he obtained the services of an attorney and again petitioned for reopening and readjustment of claim and there followed extensive hearings regarding his physical condition and loss of earning capacity. The file does not reflect the petitioner lost anything in his later hearing by reason of allowing the award of January 1962 to become final although the situation might be different if the Commission had tried to penalize him for this. Neither is there evidence to show that the petitioner was incorrectly advised as to his rights and the proper procedure to follow. In view of the subsequent administrative procedures in this claim, it is our opinion that that award became final and that the petitioner cannot now object to failure to grant a formal hearing at that time.

## SHOULD THE 1958 CASE HAVE BEEN REOPENED?

█ The petitioner was represented by counsel other than the counsel on appeal when the second petition to reopen was filed in 1962 requesting a reopening of the 1948 claim. It is the opinion of the Court that the petitioner cannot successfully allege that the 1958 claim should have been reopened when he, through counsel, elected to request a reopening of the 1948 claim only.

For a discussion of the matter of successive injuries and the possibility of consolidation and apportionment see Laird v. Industrial Commission, 8 Ariz.App. 196, 445 P.2d 79 decided this day.

## WAS THE CORRECT WAGE BASE USED?

█ This Court is of the opinion that the correct wage base was used in determining the average monthly wage of the petitioner. The petitioner requested a reopening of the claim based on the 1948 injury. The evidence is conclusive that at that time his average monthly wage was $213 per month. The average monthly wage for compensation purposes is determined at the time of the accidental injury. § 23–1044, subsec. C, A.R.S., White v. Industrial Commission, 87 Ariz. 154, 348 P.2d 922 (1960). It may well be that petitioner has suffered a loss of earning capacity as a result of the later injuries to the back, but the attorney for the fund

was very careful to show in the hearing of 31 October 1966 that had petitioner taken a job in 1948 repairing sewing machines, he would not at that time have suffered a loss of earning capacity and that at the time of the hearing (1966) petitioner was earning more than at the time of the injury in 1948. While it is true that post-injury earnings are not the sole basis for determining loss of earning capacity, Shroyer v. Industrial Commission, 99 Ariz. 266, 408 P.2d 406 (1965), they nevertheless may raise a presumption of at least a commensurate earning capacity. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967). This does not mean the petitioner has suffered no loss of earning capacity as a result of the 1958 injury which preceded his loss of employment with the City of Tucson.

## PROCEDURE

▪ The procedure followed by counsel in the instant case and in Asbury v. Ralph M. Parsons Company (Industrial Commission) 8 Ariz.App. 203, 445 P.2d 86 (1968), decided this day, of combining the language of a petition for rehearing with the language of petition for reopening or readjustment due to new, additional and previously undiscovered disability, creates a procedural problem which we believe makes these claims unduly difficult and unwieldy for both counsel for the petitioner and for the Commission. We are in this case being asked to determine part of the case when there still remains to be decided by the Commission a matter which is not before us and which after action by the Commission might make review by this Court unnecessary. We believe that the better procedure would be to consolidate the two issues and keep the award open pending determination of the petition to reopen.

For the reasons set forth above, the award of the Commission is affirmed.

DONOFRIO and STEVENS, JJ., concur.