449 P.2d 631

**Jesse McKNIGHT, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier,**

**and**

**State of Arizona—State Auditor (University of Arizona), Respondent Employer.**

**No. I CA–IC 217.**

Court of Appeals of Arizona.

Jan. 20, 1969.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Robert D. Steckner, Phoenix, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondents.

DONOFRIO, Chief Judge.

The issues raised by the petitioner are procedural in nature. The first two questions deal with issues which were discussed by this Court in the case of Soto v. City of Tucson, 8 Ariz.App. 199, 445 P.2d 82 (1968), in Asbury v. Ralph M. Parsons Co., 8 Ariz.App. 203, 445 P.2d 86 (1968), and in Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61, decided December 30, 1968. In Lugar we quoted from Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965). Soto and Asbury were decided after the briefs in the instant case had been filed.

The petitioner's first two questions ask, is the filing of a "petition to reopen" after a finding and award terminating medical benefits, and after the filing of a petition for hearing, an improper procedure—

and if not an improper procedure, must the Commission rule on such a petition before or at the same time as the ruling on the matters petitioned for hearing? We stated in Soto, supra, in discussing a pleading filed by counsel in that case, which combined the wording of a motion for rehearing with the wording of a petition to reopen in the same instrument, and which the Commission had processed by issuing an award and findings based on the motion for rehearing and reserving jurisdiction to consider the petition for reopening as a separate matter:

> "The procedure followed by counsel in the instant case and in Asbury v. Ralph M. Parsons Company (Industrial Commission), 8 Ariz.App. 203, 445 P.2d 86 (1968), decided this day, of combining the language of a petition for rehearing with the language of petition for reopening or readjustment due to new, additional and previously undiscovered disability, creates a procedural problem which we believe makes these claims unduly difficult and unwieldy for both counsel for the petitioner and for the Commission. We are in this case being asked to determine part of the case when there still remains to be decided by the Commission a matter which is not before us and which after action by the Commission might make review by this Court unnecessary. We believe that the better procedure would be to consolidate the two issues and keep the award open pending determination of the petition to reopen." 445 P.2d 82 at page 86.

We would apply the same reasoning to the situation created in the instant matter.

█ In both Soto, supra, and Asbury, supra, however, we did not deem the procedural problems sufficient to warrant setting aside the award of the Commission. We do not deem that it is sufficient in the instant case to warrant our setting aside the award.

█ Considering petitioner's question number three, must the Commission consider as evidence all medical reports in the file when no objection has been made to the reports and no cross-examination requested as to the makers of such reports, our answer is in the negative. The transcript of the hearing held December 11, 1967, shows that the case was deemed submitted to the Commission for decision at the conclusion of that hearing. On December 27, 1967, counsel for the petitioner submitted a letter to the referee, advising him that petitioner was being treated at the County Hospital, and suggesting that new medical evidence would be forthcoming. At the referee's suggestion, counsel filed a petition to reopen and submitted with it the reports of the two doctors mentioned in his December 27, 1967 letter. This is the medical evidence to which he refers in his question number three. This situation is analogous to the one described in Morris v. Industrial Commission, 3 Ariz. App. 393, 414 P.2d 996 (1966), wherein we stated:

> "Following the hearing and submission of the case, counsel for Magma forwarded a letter from a Magma employee, one Dr. Finke, purporting to refute certain testimony of the claimant given at the hearing. This letter appears in the file. We have previously indicated that matters placed in the record after the hearing may not be considered by the Commission in reaching its decision based upon that hearing, absent the consent of all parties to the award. Edwards v. Industrial Commission, 3 Ariz.App. 290, 413 P.2d 800 (1966); Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966)." 3 Ariz.App. 393 at page 396, 414 P.2d at page 999.

The award is affirmed.

STEVENS and CAMERON, JJ., concur.