464 P.2d 1013

Allen HARDING, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Merritt-Chapman and Scott Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 315.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 10, 1970.

Gorey & Ely, by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, Industrial Commission of Arizona.

Shimmel, Hill & Bishop, by Richard T. Ball, Phoenix, for respondent employer Merritt-Chapman and Scott Corp.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for respondent carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona finding that the petitioner did not have any new, additional or previously undiscovered disability attributable to an industrial injury of 16 July 1960.

The facts necessary for a determination of this matter on appeal are as follows. Petitioner suffered an industrial injury arising out of and in the course of his employment on 15 July 1960. On 10 April 1961 the Commission entered its findings and award for scheduled permanent partial disability finding that the applicant sustained 5% loss of function to his right (major) arm. On 4 February 1963 the applicant filed a petition for readjustment or reopening and the Commission entered new findings and award for new additional and previously undiscovered disability. The new disability was determined to be stationary on 23 April 1963 with a finding of no greater disability than the 5% previously found.

After a petition for hearing which was denied on 22 August 1967, a new petition to reopen was filed 2 October 1967. A hearing was set in Phoenix, Arizona, for 16 February 1968. Said hearing was canceled and on 9 December 1968 a further hearing was set at Phoenix, Arizona, for 8 April 1969.

The petition for hearing of 2 October 1967 contained no medical report in support of applicant's statement that he was "suffering new and additional disability causally related to the original injury."

At the hearing 8 April 1969, the petitioner presented only the testimony of the petitioner and no medical testimony. At the conclusion of the hearing the petitioner asked for a continuation to present further medical testimony. This motion was taken under advisement and later denied.

After the hearing, two items were filed: an electroencephalogram (filed 16 April 1969) which was "essentially normal", and a letter from Dr. Guy L. Smythe, M.D., dated 11 April 1969 which contained the following:

> "Despite the absence of objective physical signs, Mr. Harding may be suffering from epileptic disorder which manifests as he reports his symptoms. Frequently a blow to the head such as he sustained in 1960 does cause contusion of the brain tissue which heals uneventfully and then several years later manifest as seizure disorder secondary to the abnormal electrical activity arising from the scar tissue and surrounding brain tissue."

Petitioner contends that the Commission erred in not continuing the matter to allow further medical evidence (including these two medical reports) in reaching their decision.

A.R.S. § 23–1061, subsec. C, as the law appeared prior to the 1969 amendment, makes it clear that the petitioner has the burden of presenting sufficient evidence to support a claim for reopening and we have held that the evidence must be in the record at or before the hearing before

it may be considered by the Commission in reaching its decision. McKnight v. Industrial Commission, 9 Ariz.App. 97, 449 P.2d 631 (1969), Morris v. Industrial Commission, 3 Ariz.App. 393, 414 P.2d 996 (1966). In the instant case, the petitioner had from 2 October 1967 until 8 April 1969 in which to have before the Commission (in the file) sufficient medical evidence to support a reopening. The petitioner having been afforded every opportunity to present such further medical evidence we do not feel that the referee erred in failing to grant a continuance for this purpose.

But even if we consider the reports filed after the hearing, the petitioner is still not in a position to show that the Commission erred in failing to reopen. A reading of the two medical reports does not persuade us that the Commission would have been in error to deny the petition for reopening based upon the reports.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.