489 P.2d 87

Robert R. ASBURY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

The Ralph M. Parsons Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 574.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 4, 1971.

Rehearing Denied Nov. 1, 1971.

Review Denied Nov. 30, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondent employer and carrier.

CASE, Judge.

This case is before us on a writ of certiorari seeking to test the lawfulness of a decision upon hearing and findings and award denying reopening of claim by the Industrial Commission.

On 10 March 1964, petitioner sustained industrially related injuries which consisted of a low back sprain and contusions of the right elbow and knee. On 10 July 1967, petitioner was awarded temporary disability. Petitioner appeared before this Court in Asbury v. Ralph M. Parsons Co., 8 Ariz. App. 203, 445 P.2d 86 (1968). In that case we held that the action of the Commission in denying the petition for rehearing while at the same time directing that the petition to reopen be held for further action did not preclude our review of the merits of the Commission's ruling denying the petition for hearing and we affirmed the award of no permanent physical impairment.

Reopening of the claim was thereafter denied on 17 January 1969 and subsequent to a petition for hearing being filed, some four hearings were held.

During the third hearing, petitioner testified that he considered himself to be a drug addict as a result of having taken certain narcotics to combat the pain which he stated he experienced as a result of his injuries. Petitioner's attending physician testified that in his opinion a psychiatric examination was indicated to determine the source of his alleged addiction. Dr. Maier Tuchler, a psychiatrist, reviewed the file and testified at a hearing on 9 July 1970. Dr. Tuchler did not examine petitioner. The referee recommended denial of reopen-

ing, which recommendation was embodied in the award of 5 October 1970 from which this writ was lodged.

Although petitioner urges three grounds for setting aside the award, the main thrust of his argument is directed toward the premise that the evidence compels a finding that his alleged drug addiction establishes new and additional disability, therefore requiring reopening of his claim. We do not agree.

 Petitioner has the burden of proving a new and additional or otherwise undiscovered physical condition as a result of the injury in order to reopen his case. Harding v. Industrial Commission, 11 Ariz. App. 426, 464 P.2d 1013 (1970). Where the result of an injury is of such a nature that it is not clearly apparent to laymen, the causal connection can be established only by expert testimony. Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P. 2d 134 (1967). Petitioner urges that the testimony of the medical witnesses establishes that his drug addiction was causally connected to the injuries. We believe that the testimony is to the contrary. Dr. Tuchler testified:

"Q Doctor, Mr. Asbury has substantially claimed before at a hearing that as the result of his accident several years ago he has become a drug addict. Another physician in Kingman indicated he ought to have a psychiatric examination. You have had occasion to examine the file. Can you causally relate his claim—

A Of being a drug addict to the accident?

Q Yes, sir.

A Not directly.

Q Can you do it indirectly?

A Not indirectly."

And further:

"Q How can you in any way relate his claimed drug addiction to the accident in question?

A The pain that he experiences would lead him from doctor to doctor and going from doctor to doctor he would get medication, and based upon his personality makeup, of which I really am not familiar with directly, the medication given by doctors are not sufficiently pain relieving; that is they would not be narcotics. They might be in the nature of an Emperin compound, perhaps with a little Codeine.

Doctors dislike putting a person on true narcotics, and since this culture that we are living in is so filled with available drugs of the quality of heroin and other types, this frequently leads people to the use of illicit medication.

This would not happen if the personality were not a distorted personality. Mr. Ollason, I can't say much more than that.

Q And the distorted personality has really just grasped on this accident as an excuse for his claimed drug addiction?

A I would say that is a very good probability, but I cannot be sure."

The award of the Commission is reasonably supported by the evidence.

The award is affirmed.

STEVENS, P. J., and ROGER G. STRAND, Superior Court Judge, concur.

NOTE: FRANCIS J. DONOFRIO, J., requested that he be relieved from the consideration of this matter. ROGER G. STRAND, Judge of the Superior Court, was called to participate in the place of Judge DONOFRIO.