489 P.2d 1243

**Joseph B. McDUFFEE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Floyd Hartshorn Plastering Co., Inc., Respondent Employer,**

**Liberty Mutual Insurance Co., Respondent Carrier.**

**No. I CA–IC 525.**

Court of Appeals of Arizona, Division 1.

Nov. 1, 1971.

see Crook v. Commonwealth, 147 Va. 593, 136 S.E. 565 (1927).

**542**

W. Mercer Bouldin, Tucson, for petitioner.

William C. Whahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent Commission.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Jr., Phoenix, for respondents Employer and Carrier.

HOWARD, Judge.

Joseph B. McDuffee, along with two co-workers, sustained an industrial injury on June 24, 1969, and his claim was duly accepted for benefits by appellee insurance carrier. On July 17, 1969, the Commission issued its notice of average monthly wage which set petitioner's wage at $901.60. Pursuant to petitioner's timely request, a hearing was held on May 21, 1970, at which time petitioner and his co-workers, Arthur O. Martinez and Antonio Torres, all represented by the same counsel, presented evidence concerning their earnings from respondent employer. At the hearing claimant Martinez also presented evidence of additional earnings he had received from "moonlighting" activities. The hearing officer, on May 28, 1970, entered an award which set petitioner's average monthly wage at $887.84 and on June 24, 1970, petitioner filed a Request for Review. On July 16, 1970, petitioner filed with the Commission a document entitled "Request For Supplemental Hearing-or-In The Alternative, For Commission To Consider Newly Discovered Evidence Contained In Affidavit." Petitioner's request and affidavit stated that he too had earned additional wages from "moonlighting" activities, that he had failed to present evidence of these earnings at the hearing, that such earnings should be considered in determining his average monthly wage, and that if those earnings were to be considered they would support a finding that petitioner's average monthly wage was $1,363.70. Attached to petitioner's affidavit were Wage and Tax Statements which supported his claim that he had earnings from employers other than respondent employer during the period in question. On July 22, 1970, the Commission entered its Decision Upon Review affirming the hearing officer's award. Petitioner contends that it was an unlawful abuse of discretion by the Industrial Commission to refuse to consider the additional evidence or award petitioner a supplemental hearing.

Petitioner argues that the language contained in A.R.S. § 23–943, subsec. E requires the Commission to consider the additional evidence presented and that had said evidence been considered an adjustment in his average monthly wage would have been required. A.R.S. § 23–943, subsec. E provides:

"The review by the commission shall be based upon the record submitted to it under the provisions of subsection C and such oral or written argument as it may receive. If the commission determines that a cause has been improperly, incompletely, or otherwise insufficiently developed or heard by the hearing officer, it may remand the case to the hearing officer for further evidence taking, correction, or other necessary action."

The Rules of Procedure Before The Industrial Commission of Arizona, promulgat-

ed pursuant to the authorization granted in A.R.S. §§ 23–107, subsec. A, par. 1 and 23–921, subsec. B, as amended, serve to implement the statutory provisions governing workmen's compensation claims and govern procedure before the Commission. Transcontinental Bus System v. Industrial Commission, 71 Ariz. 209, 225 P.2d 701 (1950).

While Rules 59(a) and 61 of the current Rules of Procedure Before The Industrial Commission would clearly preclude petitioner from presenting additional evidence on review, these rules did not go into effect until October 1, 1970, and are not applicable to this claim. We are, therefore, forced to apply the old rules, promulgated in 1963, to the new statutes which went into effect January 1, 1969. Rule 36 of the old Rules, in providing for a continuance of hearing in the event either party desires to present further evidence, states, *inter alia*:

> "If it appears to the Commissioner or referee presiding at the hearing, that with the exercise of due diligence, such party could have produced such witnesses or such evidence at the hearing * * * the Commissioner or referee may submit the case for decision and deny the request for such further hearing, or may on its own motion continue the hearing."

This rule is substantially the same as the present Rule 56(b).

Petitioner herein made no attempt to present evidence of additional earnings from "moonlighting" until July 16, 1970, more than 55 days after the hearing and 22 days following the Request for Review. Noting that petitioner was represented by counsel during these proceedings and that evidence of this nature was presented at the hearing for claimant Martinez, we feel that a lack of due diligence was evidenced and that the Commission was justified in not granting petitioner a supplemental hearing.

Petitioner argues that A.R.S. § 23–943, subsec. E requires that the Commission itself consider the evidence. Before the enactment of this section it was clearly the law that evidence received after the hearing could not be subject to consideration by the Commission in reviewing a decision based upon that hearing. Harding v. Industrial Commission, 11 Ariz.App. 426, 464 P.2d 1013 (1970); McKnight v. Industrial Commission, 9 Ariz.App. 97, 449 P.2d 631 (1969); Morris v. Industrial Commission, 3 Ariz.App. 393, 414 P.2d 996 (1966). A careful reading of A.R.S. § 23–943, subsec. E leads us to believe that such is still the law. That statute only provides that the Commission may consider "such oral or written *argument* as it may receive" but nowhere provides for the consideration of additional *evidence*.

The Commission did not abuse its discretion by failing to consider the evidence of additional earnings presented by petitioner.

Award affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.