490 P.2d 432

Ovistano FAVELA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

City of Phoenix, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 481.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 11, 1971.

Gorey & Ely by Sherman R. Bendalin, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Gene Phillippo, Phoenix, for respondent employer and respondent carrier.

CASE, Judge.

Petitioner seeks to test the lawfulness of an award and findings of The Industrial Commission issued on 24 April 1970, denying a rehearing of an award issued 26 January 1970 which found that petitioner did not suffer a loss of earning capacity as the result of a ten percent general physical functional disability.

At the time of his injury, petitioner was employed as a custodian for the Headstart program. On 24 May 1968, he sustained a back injury while attempting to lift a ten-gallon jug of punch. He received medical treatment and was returned to light work on 5 August 1968. After examination by the medical consultation board, he was returned to regular work with a ten percent general physical functional impairment. The Commission found this as a fact, and since it was an unscheduled injury, held a hearing to determine petitioner's loss of earning capacity.

At the hearing, petitioner testified that he had returned to work eight hours a day, five days a week for a forty-hour week, at the same rate of pay he was

making at the time of the accident. He stated that his duties on the date of the hearing were the same as they had been on the date of the accident. He testified that although he was able to perform duties he experienced pain when he mopped large areas of floor. In addition to this, he drove a nine-passenger Dodge bus twice a day to pick up and return children.

The pastor at petitioner's place of employment testified that petitioner was "handicapped" but that he was a good worker and was always willing to do anything that he was asked to do. On direct examination, he stated that because of petitioner's back injury he would not have hired him and that he felt that he could only work about four hours a day. On cross-examination, however, he stated that he would defer to medical testimony and that he could not disagree with the medical report which stated that petitioner was able to return to his regular employment.

In workmen's compensation cases, the injured workman has the burden of proof in relation to establishing that he is entitled to compensation. State Compensation Fund v. Garcia, 12 Ariz. App. 9, 467 P.2d 84 (1970). It is the function of the Court of Appeals, when petitioned to review Industrial Commission awards, to determine whether the evidence before the Commission reasonably supports their decision and not to try the case anew. Andreason v. Industrial Commission, 6 Ariz.App. 434, 433 P.2d 287 (1967).

It is our opinion that the facts presented to the Commission in evidence in this case closely parallel those which we reviewed in Laird v. Industrial Commission, 8 Ariz.App. 196, 199, 445 P.2d 79, 82 (1968). In that case, with regard to loss of earning capacity, we stated:

"While our Supreme Court has stated that the Commission may not base its loss of earning capacity on post-injury earnings alone, Shroyer v. Industrial Commission, 99 Ariz. 266, 408 P.2d 406 (1965), it is also stated that post-injury earnings may raise a presumption of at least commensurate earning capacity. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967). It is our opinion that the petitioner has not sustained his burden of showing that he suffered a loss of earning capacity as the result of his 1964 injury."

We find nothing in the record to indicate that petitioner retained his employment due to sympathy on the part of his employer. The substance of the testimony of both petitioner and the pastor was that petitioner was able to carry out the duties of his employment subsequent to his injury.

It is the opinion of this court that the award of the Commission is reasonably supported by the evidence. The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.