[Civil No. 3413.   Filed February 12, 1934.]

[29 Pac. (2d) 155.]

NELLIE DUSTIN, Petitioner, v. INDUSTRIAL COMMISSION OF ARIZONA, Respondent.

Messrs. Mathews & De Wolf, for Petitioner.

Mr. Don C. Babbitt and Mr. D. L. Cunningham, for Respondent.

LOCKWOOD, J.—This is an appeal by Nellie Dustin, hereinafter called petitioner, from an order of the Industrial Commission of Arizona, hereinafter called the commission, denying petitioner's request for a rehearing of a certain order of the respondent, made on the thirteenth day of January, 1928.

The undisputed facts of the case may be stated as follows: On the thirteenth day of February, 1927, Sidney Smith, a San Carlos Indian, was injured in an accident arising out of and in the course of his employment, which resulted in his immediate death. The employer reported the matter to the commission under date of February 21, 1927, and the attending physician made his report about the same time, giving the nature and result of the injury to the employee. Upon inquiry by the claims department of the commission for information as to the dependents of deceased, the superintendent of the San Carlos Indian Agency replied by letter of April 8th, 1927, to the effect that the deceased left a son over the age of eighteen years, who was then confined in the state prison at Florence, but that he could not find a wife or any other dependents. He further stated, however, that the decedent left a sister, Nellie Dustin by name, who was married to Charles Dustin, also a San Carlos Reservation Indian, and that she claimed decedent often helped her. He added that he would appreciate it if an effort could be made by the commission to assist Mrs. Dustin. On the thirteenth day of January, 1928, the commission made its findings to the effect that at the time of his death the decedent, Smith, "left no persons surviving him and dependent on him at the time of said injury." In accordance with the statute covering such cases, it was ordered that the insurance carrier of Smith's

employer pay the expense of burial of the deceased, together with the sum of $850 for the benefit of the rehabilitation fund of the state of Arizona, and that any party aggrieved might ask for a rehearing within twenty days. Within that time the insurance company did ask for a rehearing, which was denied, and on April 6, 1929, it paid the award of $850 into the vocational rehabilitation fund, as required by such award. No further action was taken in the matter until September, 1932, when decedent's son, above referred to, inquired as to whether he was entitled to any compensation and was informed by the commission that he was not. Thereafter and on June 30, 1933, petitioner made formal application that the award be reopened and that a hearing be had upon it, which application was by the commission denied.

It is the position of petitioner that the letter of the superintendent of the San Carlos Indian Agency in 1928, above referred to, was a sufficient application for compensation to satisfy the statute, and that as she had never been advised of the award denying her claim to compensation she is entitled to a rehearing at the present time, notwithstanding nearly five years elapsed from the award to the filing of the application for rehearing. The original award apparently was made by the commission upon the report of the employer and attending physician, certain letters from the superintendents of the state prison and of the San Carlos Reservation, and such information as it could obtain by means of its own field investigators; but no formal hearing was ever had at which petitioner, or any other persons claiming to be entitled to compensation, were present. We have held that such a proceeding does not make an award void if any parties aggrieved thereby are given an opportunity to demand and have a rehearing, at which they are given an opportunity to present such

evidence as they may think proper. *Edens* v. *L. E. Dixon Const. Co.*, 42 Ariz. 519, 27 Pac. (2d) 1107.

As a corollary it would seem to be true that if such informal hearing be had and an award made therein, but a claimant is not given the opportunity to ask for a more formal investigation at a rehearing, an appeal can be taken to this court on the grounds of such refusal and that alone.

We consider the questions then: First, was petitioner ever a claimant within the view of the Compensation Act, so that she was entitled to urge her application for compensation; and, if so, was the procedure followed by the commission of such a nature as to deny her her right to a rehearing? The original proceedings required to initiate the claim for compensation are set forth in section 1447, Revised Code 1928, as follows:

" . . . Where death results from the injury, the parties entitled to compensation, or some one in their behalf, shall make application for the same to the commission, accompanied with proof of death and proof of relationship showing the parties to be entitled to compensation, certificate of attending physician, if any, and such other proof as required by the rules of the commission. . . . "

The only application which it is contended was ever made by petitioner is found in the letter written by James B. Kitch, the superintendent of the San Carlos Agency, which reads as follows:

"Industrial Commission of Arizona,
    "Phoenix, Arizona.
"Gentlemen:
    "With reference to your inquiry of March 25th 1927, you are advised that Sidney Smith left a son named Talkali now in the penitentiary at Florence. We cannot find any wife or any other dependents. The son is over eighteen years of age.
    "Decedent, however, left a sister, Nellie Dustin, who is married to Charles Dustin, an Indian at San

Carlos and she claims that Smith often assisted her. I would appreciate it if an effort could be made through your department to assist this sister in view of the fact that decedent was a trust patient or ward Indian.

"Very truly yours,
"[Signed]  JAMES B. KITCH,
"Superintendent."

We have held in *Zagar* v. *Industrial Com.*, 40 Ariz. 479, 14 Pac. (2d) 472, that the statute contemplates a formal application when an adjustment or increase of compensation is asked, and not mere complaints made orally or in letters, and we think the same rule should obtain with original applications for compensation. The application need not, however, follow any particular form or language, but there must at least appear within its four corners the matters required by section 1447, *supra*.

It will be seen upon an examination of that section that the parties claiming compensation for a death shall make an application therefor which shall be accompanied by: (a) Proof of death; (b) a proof of relationship showing the parties to be entitled to compensation; (c) the certificate of an attending physician; and (d) such other proof as is required by the rules of the commission. In this case the proof of death and the certificate of the attending physician were already on file, so it was not necessary for the petitioner to duplicate them. There was, however, no proof or even claim of such relationship as would of itself entitle petitioner to compensation. Under section 1440, Revised Code 1928, there are certain persons who are conclusively presumed to be dependent for support upon a deceased person coming under the provisions of the Compensation Act. They are the surviving wife or husband, under certain circumstances, and children, either under the age of eighteen or, if over that age, physically or mentally incapacitated. We are of the opinion that, under the

familiar rule of *expressio unius est exclusio alterius,* the presumption is against the dependency of any other relative, and there must be affirmative claim made and proof offered of actual dependency in such a case before compensation can be awarded. All that the letter, which is claimed to be an application for compensation, says is that decedent "often assisted" his sister. This is far short of being a claim that she was legally dependent on him for support, in whole or in part.

The letter therefore, on the most liberal construction of the statute, cannot be considered to be such an application for compensation as to stop the running of the one-year period of limitation of time within which a claim for compensation must be made. Since no legal claim for compensation was made by petitioner within the year, we hold that the commission properly denied her application for a rehearing of the award of January 13, 1928.

It is suggested that, assuming that she actually was dependent under the act, it would be inequitable that the rehabilitation fund should retain money which should have been paid to her. There may perhaps be some merit in this suggestion, but it is not one which can be determined in this kind of a procedure. Petitioner's only remedy, if she has one, is a suit in equity in the proper court.

For the foregoing reasons the award of the Industrial Commission of Arizona is affirmed.

ROSS, C. J., and McALISTER, J., concur.