439 P.2d 521

Elsie BLUMA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondents,

Walter J. Hartwig and Julie J. Hartwig (House of Hartwig), Defendant Employer.

No. I CA–IC 151.

Court of Appeals of Arizona.

April 16, 1968.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Chief Counsel, Phoenix, by Dee-Dee Samet, Tucson, for respondents.

STEVENS, Judge.

This petition for the review of the denial of compensation relates to the effect of the failure of the injured employee to file a claim within one year after the injury and the sufficiency of the evidence to support a petition to reopen.

There is no question that the petitioner received an injury in the course of her employment on 10 January 1964. She was promptly treated by a physician. She continued to receive treatments for approximately six weeks. She returned to work very shortly after the incident. Her employment terminated on 13 March, the petitioner urging that she was fired because of her inability to properly perform the responsibilities of her employment, a direct result of her injury. Shortly after the termination of her employment she went to Kansas due to a death in her husband's family and she has continued to reside in Kansas.

In April 1964, the Industrial Commission mailed a claim form to the petitioner to the Arizona address shown in the file and the envelope containing the claim form was returned undelivered· being marked "moved, left no address". The Industrial Commission accepted the industrial incident for benefits. Accident benefits were paid and the claim was closed with an award of no compensation for the reason that the petitioner was off work for a period of less than seven days. This action was taken well within the one year period. The award was mailed to her at the same address and was returned with the same notation on the envelope.

In November 1964 she was informed by a doctor in the State of Kansas that she had a ruptured disc and was in the need of surgery. The first communication which the Industrial Commission received from the petitioner was a letter which she wrote on 10 January 1966. In response to the letter the Industrial Commission sent her a form entitled "Petition and Application for Readjustment or Reopening of Claim". The petition was filed and the Industrial Commission denied relief. After other procedural steps the Industrial Commission paid her expenses to Tucson and a hearing was held on 4 November 1966 at which the petitioner and the Tucson physician were the only witnesses. Petitioner was unable to explain at the hearing why she had filed no claim. In a later letter she asserted that her employer had assured her that the petitioner need sign nothing and that the employer had taken care of all matters necessary for her protection.

A.R.S. & 23–1061, subsec. D, specifies:

"No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

The phrase "the right thereto accrued" was construed in Hartford Accident & Indemnity Company v. Industrial Commission, 43 Ariz. 50, 29 P.2d 142 (1934), to mean that the time for the filing of the claim runs not from the date of the incident but from the ·date the injury becomes manifest. Therein the Supreme Court stated:

" * * * We still hold that the claim must be filed within one year after the date of the injury if the injury is of

sufficient magnitude to be compensable. But, if it is slight or trivial at the time and noncompensable and later on develops unexpected results for which the employee could not have been expected to make a claim and receive compensation, then the statute runs, not from the date of the accident, but from the date the results of the injury became manifest and compensable. Under section 1447 (A.R.S. § 23–1061) an employee is not required to file with the commission an application for compensation until he is 'entitled to compensation'."

The foregoing construction has been consistently followed. There can be no question but that the injury became manifest to her as of November 1964, if not prior to her consultation with the doctor.

Recently the Arizona Supreme Court stated in Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967), that the one year provision is jurisdictional. The Supreme Court, however, recognizes two exceptions neither of which is applicable in this case.

A.R.S. § 23–1061, subsec. A and Rule 11 of the Rules of the Arizona Industrial Commission both require that the physician inform the injured employee of that employee's rights and give necessary assistance in making application for compensation. We know of no exceptions to the one year statute arising out of the ignorance of the injured workman even if that lack of knowledge arises out of the failure of the doctor, or the failure of the employer, to advise the injured petitioner of the right to make a claim for industrial compensation. The action of the Industrial Commission in 1966 in forwarding to her the Petition and Application for Readjustment or Reopening did not have the effect of curing the jurisdictional defect. In the case now under consideration, the Industrial Commission made an affirmative finding of lack of jurisdiction by reason of the failure to file the claim as required by law.

The Industrial Commission also made a finding of an absence of a causal relationship between the injury of January 1964 and the injured disc discovered in November 1964. The petitioner urges that she was not given proper consideration at the November 1966 hearing, a hearing which she attended without counsel. A review of the transcript of the hearing indicates that the hearing finally resolved itself into a conference or discussion between the referee, the petitioner, the Tucson doctor and the attorney for the fund. The evidence adduced at the hearing, together with other communications in the file, including communications from the Kansas physician, sustained the award of no causal relationship.

In our opinion the award must be affirmed whether on the jurisdictional ground or on the basis of an absence of proof of the causal relationship.

Award affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.