474 P.2d 1010

John McNATT, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

City of Casa Grande, Respondent Employer,

State Compensation Fund, Respondent
Carrier.

I CA–IC 374.

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 6, 1970.

Chris T. Johnson, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent employer, City of Casa Grande and respondent carrier, State Compensation Fund.

HAIRE, Judge.

The question before us is whether an industrially-injured workman filed a claim or "application for compensation" within one

year after the injury so as to invoke the jurisdiction of the Industrial Commission.[1]

The injury with which we are here concerned occurred in 1966, but it should be noted as a matter of essential background that petitioner suffered a previous industrially-related back injury in 1955. A claim for benefits resulting from this 1955 injury was processed by the Industrial Commission in its claims file No. AM 17562.

Petitioner sustained the back injury with which we are here concerned on December 23, 1966. On January 3, 1967, a "Physician's Initial Report of Treatment" was filed with the Commission. This report stated that petitioner had suffered a lumbo-sacral strain with nerve root irritation. Shortly thereafter, under date of January 12, 1967, the employer filed its "Employer's First Report of Injury to Employee". Both of these reports listed the date of accident as December 23, 1966 and described it as occurring when petitioner jumped out of a pick-up truck. The Commission established claims file No. BD 57390 for these reports and subsequent materials relating to the injury of December 23, 1966. On January 26, 1967, Claim No. BD 57390 was accepted for accident benefits by the Commission. Such benefits were paid to petitioner.

Petitioner was examined by a group of physicians on August 23, 1967. These doctors concluded that petitioner's condition was stationary, and that he had a 15% general physical disability, resulting not from the 1966 injury, but from the 1955 injury and surgery subsequent to it. Based upon this medical report, the Commission issued its "Final Findings and Award", dated October 2, 1967, finding that petitioner had not suffered any permanent disability as a result of the 1966 injury. Thereafter, on October 19, 1967, petitioner sent a letter to the Commission, which in part stated as follows:

"I wish to object to the findings in my case #BD57390, notice of which was sent me October 2, 1967 and respectfully ask for a rehearing."

Petitioner was not represented by an attorney at this time.

On November 28, 1967, the Commission issued another order rescinding its findings and award of October 2, 1967, which petitioner had protested in his letter. This later order stated, *inter alia*, that any compensation to which petitioner might be entitled should be computed on the basis of his 1966 average monthly wage, rather than his 1955 average monthly wage.

During the course of further proceedings and well over a year after the injury of December 23, 1966, the Commission called attention to the fact that petitioner had not filed within the year following injury what is referred to as a "Form C-407", or "Workman's Report of Injury", which is a form prepared by the Commission containing the "application for compensation" required by A.R.S. § 23-1061. The Commission thereafter held on the authority of Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967), that it was without jurisdiction to proceed further with respect to Case No. BD 57390 due to lack of a timely application for compensation.

In Collins, *supra*, the claimant was injured on May 7, 1963. Although awarded accident benefits, he never communicated with the Commission in any manner until over two years later, on May 21, 1965, when he filed a petition for reopening and readjustment of his "claim". Interpreting subsections A and D of A.R.S. § 23-1061, our Supreme Court held that since the claimant had failed to file an application for compensation within one year after injury, the Commission was without jurisdiction in the matter. In so holding the court stated that Commission jurisdiction could not be based upon estoppel or waiver.

The only two recognized exceptions to the one-year filing limitation, infancy and apparent triviality of injury at the time of

---

1. This case was decided under the statutory law as it existed prior to January 1, 1969.

its occurrence, were not applicable in Collins, and neither is applicable in the present case. Petitioner here criticizes the Collins decision, but such criticism is necessarily directed to the Supreme Court, and if the facts in this case were the same as in Collins, we would have no choice but to affirm the decision of the Commission.

In our view, however, the present case is clearly distinguishable from the Collins case. In Collins, the claimant did not file any document or make any communication whatsoever to the Commission within a year following his injury which could even arguably be considered an application for compensation. The claimant's lack of communication with the Commission was stressed in the facts set forth in the Supreme Court's opinion. In the present case, by contrast, the petitioner himself wrote a letter to the Commission specifically referring to his "Case #BD57390", and asking for a rehearing following the findings of the Commission to which he objected. Petitioner contends that this letter constituted the requisite application for compensation. We find merit in the contention.

It should be noted, at the outset, that although what is referred to as Commission's "Form C–407" appears to combine the employee's accident report required to be filed by A.R.S. § 23–908, subsec. D and the "application for compensation" required by § 23–1061, the sole basis for the Commission's action in denying jurisdiction with respect to its claims file BD 57390 was lack of an *application for compensation.* There was not and is not any assertion of prejudice resulting from any failure of petitioner to file an accident report itself, apart from the application.

 Neither § 23–1061 nor any other statute within the Workmen's Compensation Law establishes any particular form or requirements for an application for compensation. Where the injured workman is living, § 23–1061, subsec. A merely provides that an application shall be filed, "* * * together with the certificate of the physician who attended him." An application for death benefits entails the filing of other accompanying documents. *See* Dustin v. Industrial Commission, 43 Ariz. 96, 29 P.2d 155 (1934), construing present § 23–1061, subsec. B. In the absence of anything indicating either a broader or more restrictive meaning, we think that the "application" proper referred to in 23–1061 is simply an unequivocal, written manifestation of an intention to claim benefits for an injury compensable under the terms of the Workmen's Compensation Law. An application need not "follow any particular form or language" Dustin, *supra,* 43 Ariz. at 100, 29 P.2d at 157.

Most of the contentions of the Fund asserting the insufficiency of petitioner's letter to constitute an application for compensation are suggested in the following passage from the Dustin case, *supra*:

> "We have held in Zager v. Industrial Commission, 40 Ariz. 479, 14 P.(2d) 472, that the statute contemplates a formal application when an adjustment or increase of compensation is asked, and not mere complaints made orally or in letters, and we think the same rule should obtain with original applications for compensation. The application need not, however, follow any particular form or language, but there must at least appear within its four corners the matters required by section 1447, supra." (43 Ariz. at 100, 29 P.2d at 157).

Thus, it is argued that a letter could not amount to a "formal" application for compensation, and that an application to be sufficient must show within its four corners all facts essential to the jurisdiction of the Commission, including the identity of the employer and the date of the accident and how it occurred. Although readily apparent from documents in the claims file referred to in the letter, these latter matters were not specifically set forth in petitioner's letter of October 19, 1967.

The general rule appears to be that "[c]orrespondence by a claimant * * *

from which it may reasonably be inferred that a claim for compensation is being made will generally be interpreted as a claim." (Footnotes omitted). 12 W. Schneider, Schneider's Workmen's Compensation § 2377, at 49 (Perm. ed. 1959). We do not read Dustin or any other case which speaks of the necessity of a "formal" application as precluding an application by letter. The passage quoted above from the Dustin case contrasts a "formal" application with *"mere complaints,* made orally or in letters" (emphasis added). We distinguish a letter requesting further, formal legal proceedings from a "mere complaint" in the apparently intended ordinary lay sense of the term.

Nor do we read the "four corners" language in Dustin to mean that in all cases an application must state *on its face* all of the facts essential to Commission jurisdiction. The "four corners" language in Dustin referred to the documents which must accompany an application for death benefits, rather than the date and details of the injury-producing accident, and in the paragraph next following the one set forth above, the court stated that there was no duty upon an applicant to furnish material to the Commission which it already had in its possession.[2] This qualification of a rigid "four corners" rule has implications in the present case.

■ The respondent Fund points out that the one-year limitation of § 23–1061 is to be strictly construed. See Holland v. Industrial Commission, 78 Ariz. 16, 18, 274 P.2d 836, 837 (1954). If by this it is meant that the statute should be enforced in accordance with clearly expressed terms without judicial erosion, there can be no argument with the stated principle, since it preserves for the statute of limitation its intended effect. However, in our view, this principle does not preclude our determining what may constitute an application within the meaning of the statute, taking into consideration the overall purpose and intent of the Workmen's Compensation Law.

■ Here, petitioner's letter of October 19, 1967 made explicit reference to claims file BD 57390, which was established with reference to the injury of December 23, 1966. Since there was no reference in the letter to claims file AM 17562, relating to the 1955 injury, we are not persuaded by the Fund's suggestion that the letter as a whole (including portions not quoted above) could reasonably be read as referring to a reopening of the 1955 claim. Claims file BD 57390 already contained all information essential to establish Commission jurisdiction. Under the circumstances, we think petitioner's reference to his "Case #57390" adequately incorporated the undisputed jurisdictional bases of his claim. There was nothing equivocal about petitioner's request, and neither the Commission nor the employer could have reasonably failed to be impressed with the fact that petitioner was asserting a claim for compensation arising out of the 1966 injury.

We accordingly hold that petitioner's letter of October 19, 1967 constituted an "application for compensation" within the terms of § 23–1061, and that the Commission had jurisdiction of petitioner's claim arising out of the 1966 injury following receipt of such letter. In view of our holding, there is no necessity for us to consider petitioner's alternative contentions. It should be noted that in view of the amendments to the Workmen's Compensation

2. "It will be seen upon an examination of that section that the parties claiming compensation for a death shall make an application therefor which shall be accompanied by: (a) Proof of death; (b) a proof of relationship showing the parties to be entitled to compensation; (c) the certificate of an attending physician; and (d) such other proof as is required by the rules of the commission. *In this case the proof of death and the certificate of the attending physician were already on file, so it was not necessary for the petitioner to duplicate them."* (43 Ariz. at 100, 29 P.2d at 157). (Emphasis supplied).

Law effective January 1, 1969, the kind of issue resolved herein should not arise with respect to injuries occurring after that date. *See* A.R.S. § 23–1061, as amended, effective January 1, 1969.

Award set aside.

EUBANK, P. J., and JACOBSON, J., concur.