484 P.2d 12

Charles Richard TROSKA, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondent,

Northern Electric & Air Conditioning,
Respondent Employer,

State Compensation Fund,
Respondent Carrier.

1 CA–IC 307.

Court of Appeals of Arizona,
Division 1, Department B.

April 22, 1971.
Rehearing Denied May 12, 1971.

Review Denied June 8, 1971.

Lurie & Friedman, by Steven M. Friedman, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, for respondent The Industrial Comm. of Ariz.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent carrier, State Compensation Fund.

HAIRE, Judge.

On this review of an Industrial Commission award we are asked to set aside the Commission's findings that it lacked jurisdiction to consider the petitioner's claim because of his failure to timely file an application for benefits.

On February 26, 1968, the petitioner, Charles Richard Troska, filed with the Industrial Commission his "Workman's Report of Injury and Application for Benefits" relating to a back injury alleged to have occurred approximately nineteen months earlier in July 1966 when his chair collapsed and he fell to the floor. A.R.S. § 23–1061 D [1] provides that:

> "No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

Prior Arizona decisions have construed this statute as requiring that a claim must be filed within one year after the injury,

---

1. All statutory references in this opinion refer to statutes governing pre-1969 industrial injuries.

with two exceptions: First, when the injury was not noticeable or was so trivial that it did not appear compensable at the time of injury. Second, when the disability occurs during infancy. Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967); Weaver v. Martori, 69 Ariz. 45, 208 P.2d 652 (1949); Holland v. Industrial Commission, 78 Ariz. 16, 274 P.2d 836 (1954); Inspiration Consolidated Copper Co. v. Smith, 78 Ariz. 355, 280 P.2d 273 (1955); Bluma v. Industrial Commission, 7 Ariz.App. 358, 439 P.2d 521 (1968). Further, the Arizona Supreme Court has ruled that the filing requirement of this statute is jurisdictional and that estoppel arising out of either acts of the Commission or of the employer may not be invoked to establish jurisdiction by removing the bar created by the lack of timely filing. Collins, *supra*; Holland, *supra*. There are no exceptions to the one-year limitation arising out of the ignorance of the injured workman even if that ignorance arises out of the failure of the doctor or the failure of the employer to advise the workman of the right to make a claim for compensation. Bluma, *supra*.

■ The word "file" is defined in Webster's New International Dictionary as follows: "Law, a. to deliver (a paper or instrument) to the proper officer so that it is received by him to be kept on file, or among the records of his office." This definition has been adopted in Arizona workmen's compensation cases. Narramore v. Fannin's Gas & Equipment Co., 80 Ariz. 115, 293 P.2d 671 (1956). Complaints made orally or in letters do not constitute the filing of an application for compensation. Dustin v. Industrial Commission, 43 Ariz. 96, 29 P.2d 155 (1934); Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472 (1932); Wise v. Six Companies, Inc., 43 Ariz. 24, 28 P.2d 1007 (1934); cf., McNatt v. Industrial Commission, 13 Ariz.App. 158, 474 P.2d 1010 (1970).

Applying the foregoing principles to petitioner's claim, the record discloses that petitioner was not a minor at the time of his alleged injury, nor was the injury unnoticeable or so trivial that it did not appear compensable at the time of the accident. By his *oral* testimony, petitioner placed the accident as occurring in September 1966 (rather than July 1966 as alleged in his written claim). He further stated that the very next day he had to go home from work because of pain occurring when he tried to push the brake and clutch pedals while driving his employer's truck. After two days at home he went to see his physician, Dr. Tamio Kumagai. Because of the disabilities alleged to have resulted from his claimed industrial injury, he did not return to work until February 1968, a period of over sixteen months. Thus it is obvious from petitioner's own testimony that his injuries clearly manifested themselves, and that petitioner's late filing does not come within either of the exceptions recognized by prior decisions of the appellate courts of this state.

Notwithstanding the estoppel principles enunciated in the Collins and Holland decisions, *supra,* petitioner claims that in this case the Commission should be estopped because of advice allegedly given to petitioner over the telephone by an unidentified Commission employee. Petitioner testified that shortly after Christmas in December of 1966, while he was in the hospital recuperating from surgery on his back, he called the Commission to inquire about filing a claim. The alleged response relied upon as estopping the Commission is as follows:

"* * * she told me that without Industrial doctors seeing me prior to the surgery that I had no claim, my claim was not valid."

Petitioner further testified that during this telephone conversation he did not request that application forms be sent out, nor did he prior to the filing of his claim in February 1968 ever again contact the Commission in any way.

■ Prior decisions of the Arizona Supreme Court have clearly established the principle that the one-year filing require-

ment of A.R.S. § 23–1061 is jurisdictional, and that acts of the Commission cannot be relied upon to create an estoppel so as to vest jurisdiction in the Commission where no filing has been made within the statutory period. Further, even if the principle of estoppel were applicable, the facts here presented did not compel the Commission to find its existence. Petitioner had the burden of establishing by competent proof his rights. Davis v. Industrial Commission, 46 Ariz. 169, 49 P.2d 394 (1935); Helmericks v. Airesearch Mfg. Co. of Arizona, 88 Ariz. 413, 357 P.2d 152 (1960); Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966). Petitioner testified that he had been injured on jobs before and that he knew that he had to file a claim for benefits. It should be noted that there is no testimony that the Commission ever refused to give him appropriate forms for filing or refused to accept a tendered filing. The record made by petitioner before the Commission is replete with inconsistencies to the extent that the Commission was not required to give full credence to petitioner's testimony. Jones v. Industrial Commission, 96 Ariz. 283, 394 P.2d 213 (1964); Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997 (1952). A letter in the file from Dr. Kumagai to petitioner's attorney reflects that in his September 1966 visit to Dr. Kumagai petitioner related his injuries to an "altercation" occurring in October 1965, and he apparently made no reference to the claimed industrial injury, although it supposedly occurred two days prior thereto. As previously mentioned, in his written application for benefits petitioner stated that the injury occurred in July 1966, some two to three months prior to the termination of his employment, whereas on the witness stand he stated that it occurred in September 1966, two days before he terminated his

employment. Other pertinent and material inconsistencies are pointed out in respondent's brief and it would only unduly prolong this opinion to set them forth in detail herein. Suffice it to say that we do not believe that under the circumstances of this case the Commission was required to accept without question petitioner's testimony relating to what was said during his alleged telephone conversation with an unidentified Commission employee.[2]

Petitioner has failed to file his application for benefits within one year after the injury as required by A.R.S. § 23–1061 and he has also failed to meet his burden of showing a basis for relief from that failure.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.

---

2. The situation here involved cannot be analogized to the facts in Vidal v. Industrial Commission, 3 Ariz.App. 529, 416 P.2d 208 (1966), which dealt with a written petition for a rehearing after the Commission had obtained jurisdiction of the claim, and a written response by the Commission giving erroneous information which led to denial of petitioner's absolute right to a formal hearing upon timely application therefor.