538 P.2d 402

**Rudolfo H. CASTILLO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Producers Cotton Oil Company,
Respondent Employer,**

**Employers Mutual Liability Ins. Co. of
Wisconsin, Respondent Carrier.**

**No. I CA–IC 1083.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 15, 1975.

———◆———

Spencer K. Johnston, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Lewis & Roca by R. Kent Klein and Merton E. Marks, Phoenix, for respondent employer and respondent carrier.

OPINION

NELSON, Presiding Judge.

This matter was previously before this Court on a matter of jurisdiction, *Castillo v. Industrial Commission of Arizona,* 21 Ariz.App. 465, 520 P.2d 1142 (1974). We now reach the merits of the cause and affirm the award of The Industrial Commission of Arizona.

Rudolfo H. Castillo (Castillo), petitioner herein, suffered an injury to his low back on December 14, 1971, while attempting to lift a heavy piece of machinery that was pinning another man's leg against a pipe. The claim was accepted for benefits which were provided through February 22, 1973, when Castillo was released for work without permanent disability related to the accident. Castillo timely protested the notice of claim status terminating his benefits with a finding of no permanent disability and hearings were held. The Industrial Commission issued its Decision and Award for Temporary Disability on September 19, 1973. Upon review, the Commission affirmed its previous award on October 24, 1973. The matter was duly brought to this Court by writ of certiorari.

The single question before this Court is whether the award of the Commission is supported by the medical evidence. Included within this main question is a subsidiary issue which Castillo urges must result in the award being set aside. The essence of his position is based upon the fact that the doctors who examined Castillo in a group consultation, and who opined that he had no residual disability referable to this industrial accident, did not use a particular diagnostic tool, an electromyogram (EMG), in their examination. He therefore concludes that their written report, together with the oral testimony of Howard P. Aidem, M.D., an orthopedic surgeon and one of the consultants, did not really conflict with the testimony of the other physicians who did utilize this diagnostic tool in arriving at their opinion that Castillo was,

in fact, still disabled as a result of the industrial accident in question.

In 1957, the Arizona Supreme Court used language in *Jones v. Industrial Commission of Arizona*, 81 Ariz. 352, 306 P.2d 277 (1957) which we believe to be dispositive of this cause:

> "The commission is not allowed to substitute its judgment on matters lying exclusively within the field of medical science." 81 Ariz. at 358, 306 P.2d at 281.

The essence of this statement has been repeated many times in the ensuing eighteen years. E.g., *Garcia v. Industrial Commission of Arizona*, 20 Ariz.App. 243, 511 P.2d 687 (1973), and cases cited therein. Reviewing the record here in a light most favorable to sustaining the award of the Commission, *Micucci v. Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972), we cannot conclude that the value of the EMG, and its use in this case, was not a matter to be resolved by the medical experts.

According to the record, an EMG is a study of muscle and nerves and nerve supply to the muscle. Freeman P. Fountain, M.D., a specialist in physical medicine and rehabilitation, performed two EMG's on Castillo. In the first test, on July 13, 1972, the EMG showed a slight irritation of the L-5 nerve root on the left. The EMG was repeated on May 22, 1973, showing the condition to be worsening slightly. In the opinion of Dr. Fountain, the EMG's did not show enough denervation of the muscles to cause atrophy. As a matter of fact, his physical examination on both occasions showed no muscle atrophy in the area affected by the nerve in question.

Dr. Aidem, while recognizing the EMG as a diagnostic tool, indicated that it was used primarily to confirm clinical findings of nerve root irritation and compression. The examination of the group consultation, to which Dr. Aidem testified, found no clinical indications of nerve root irritation requiring the further diagnostic procedure of an EMG.

Neither the record nor any decision or authority which we have reviewed, indicates that the opinions of the consultants are rendered valueless without the consideration of an EMG as a diagnostic tool in this case. While there are certainly cases wherein either the quality or the quantity of the examination and diagnosis would render a physician's opinion unacceptable, see e.g., 3 *Larson, Workmen's Compensation Law*, § 79.54, pages 208–209, and cases cited therein, such a case has not been made here.

The hearing officer resolved the conflicting medical opinions, as was his province. We affirm the award.

HAIRE, C. J., Division 1, and STEVENS, J., concur.