545 P.2d 462

Thomas J. McMURRAY, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Chambers Moving and Storage Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 1316.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 3, 1976.

Gorey & Ely, by Herbert L. Ely, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund, by Courtney L. Varner, Phoenix, for respondent employer and respondent carrier.

## OPINION

HAIRE, Chief Judge, Division 1.

On this review of an award entered by the respondent Commission in a hearing concerning a claim for workmen's compensation benefits, the petitioner contends that the Commission lacked jurisdiction to hear the matter. The petitioner further contends that, if we assume that the Commission had jurisdiction, the Commission's award which found that petitioner had not sustained any permanent disability as a result of his industrial injury, was contrary to the medical evidence.

### THE JURISDICTIONAL ISSUE

Petitioner's jurisdictional contention arises out of three notices of claim status which the respondent carrier sent to peti-

tioner within a relatively short period of time. The first, issued on January 16, 1974, terminated .petitioner's temporary compensation and medical treatment on January 3, 1974. A medical report dated January 3, 1974 was attached in support of the notice and it indicated that petitioner had been discharged with no permanent disability. The second notice of claim status, issued on January 31, 1974, was entitled "Corrected Notice", and contained the statment "Injury resulted in no permanent disability." The third notice of claim status, issued on February 1, 1974, was entitled "Corrected Notice" and stated "Notice of January 31, 1974, was issued on the wrong form."

On February 13, 1974, the petitioner, without the aid of counsel, filed a timely request for hearing concerning the notices of claim status, urging that he should not have been discharged from medical treatment and also that he was still physically disabled from returning to his regular job or any other work. Thereafter, on April 8, 1974, petitioner · retained his present counsel. Some five months later, on the day set for hearing, petitioner's counsel for the first time noticed what he conceived to be an ambiguity in the notices of claim status. The issue which petitioner's counsel then raised, together with the hearing officer's findings relating thereto, are summarized in the hearing officer's Finding No. 2 as follows:

"2. That applicant has raised the question of the Industrial Commission's jurisdiction to hear this matter by reason of the NOTICES OF CLAIM STATUS issued by the defendant insurance carrier on January 16, 1974, January 31, 1974 and February 1, 1974; that the logical interpretation of all said NOTICES OF CLAIM STATUS is that they are of no legal force and effect; that said NOTICES OF CLAIM STATUS are in fact ambiguous and had the applicant· failed to timely request a hearing in protest thereof the said NOTICES OF CLAIM STATUS would not have been 'legal notice' to the applicant under the

authority of *Best v. Industrial Commission*, 14 Ariz.App. 221, 482 P.2d 470 (1971); however, the applicant did in fact file a timely REQUEST FOR HEARING and it is the REQUEST FOR HEARING which vests the Industrial Commission with jurisdiction to hear all matters in controversy. *Russell v. Industrial Commission*, 104 Ariz. 548, 456 P.2d 918 (1969). Consequently the Industrial Commission has jurisdiction to determine this matter on its merits."

Petitioner's jurisdictional contention is as follows. Accepting the hearing officer's finding that the notices of claim status were of no legal force and effect, petitioner's compensation benefits were therefore never validly terminated. Hence, reasons petitioner, his request for hearing contesting those notices, was also a nullity and placed no issues before the hearing officer to be resolved at the September 10, 1974 hearing, and the decision rendered thereafter, terminating his benefits, was therefore also a nullity and could not affect his entitlement to benefits. The essence of petitioner's argument is that the Commission never acquired jurisdiction over this matter since in order to have done so the claim would have had to have been denied by a valid notice of claim status.

In response to petitioner's contention, the carrier urges 'that the finding of the hearing officer that the notices of claim status were of no legal force and effect was incorrect, but, that, in any event, the Commission has jurisdiction to adjudicate controversies arising out of a notice of claim status which might later be determined to be ineffective to accomplish the result intended by the carrier. We agree with the respondent carrier on both contentions. As to the carrier's first contention, that the hearing officer was wrong in his characterization of these notices as having "no legal force or effect", we note that nowhere in petitioner's brief does there appear a claim that he was actually misled or confused by the notices, and even his counsel stated that he never noticed any purported ambiguities in the notices

until the day of the hearing. The facts, also, belie any such contention, and show that petitioner was not in any way confused since he did immediately file a request for hearing raising all pertinent issues concerning the termination of his benefits. While these notices were hardly a model of clarity, their intended meaning was fairly apparent. Therefore, in the absence of any indication in the record of actual confusion on petitioner's part resulting from the alleged ambiguity of these notices, we hold that the hearing officer was wrong in characterizing them as having no legal force or effect if by such characterization the hearing officer intended to convey the meaning that the notices were absolutely void *ab initio* and must be treated as though they had never been issued.

■ A.R.S. § 23–1061 F requires that a carrier give notice to a claimant of any denial of a claim, any change in the amount of compensation or the termination thereof. Sections 23–941 A and 23–947 provide for the filing of a request for hearing as a method to invoke the jurisdiction of the Commission for the purpose of resolving controversies arising between the parties. The fact that a notice of claim status may have been erroneously issued, legally wrong, or ambiguous might well furnish the basis for the controversy which must then be resolved. While the ambiguity of a notice of claim status might prevent it from having the effect intended by the carrier, *see Best v. Industrial Commission*, 14 Ariz.App. 221, 482 P.2d 470 (1971), in our opinion such ambiguity cannot operate to deprive the Commission of jurisdiction to resolve controversies flowing therefrom when that jurisdiction has been properly invoked by the filing of a timely request for hearing in response to the notice. We therefore agree with the respondent carrier that the Commission had jurisdiction to adjudicate all issues which arose and which were brought before it by the timely filing of the request for hearing. *Young v. Industrial Commission*, 19 Ariz.App. 304, 506 P.2d 1089 (1973). It is the timely request for hearing which invests the Commission

with jurisdiction to adjudicate all matters in controversy. *Russell v. Industrial Commission*, 104 Ariz. 548, 456 P.2d 918 (1969).

Having concluded that the Commission had jurisdiction, we now proceed to petitioner's second contention.

### SUFFICIENCY OF THE MEDICAL EVIDENCE

■ Petitioner's contention that the medical evidence was not in conflict, but rather supported his position, is not sustained by the record. Petitioner contends that only one doctor, Freeman P. Fountain, M.D., a specialist in physical medicine and rehabilitation, was fully aware of all the relevant medical facts at the time he made his diagnosis. He further contends that the testimony of Howard P. Aidem, M.D., an orthopedic surgeon, who saw petitioner privately and in group consultation at the Southwest Disability Evaluation Center, was not competent or sufficient to create a conflict because it was offered without knowledge of the results of an electromyogram test performed by Dr. Fountain. Relying upon *O'Donnell v. Industrial Commission*, 23 Ariz.App. 367, 533 P.2d 675 (1975), the petitioner thus concludes that there was no conflict in the medical evidence since one doctor's testimony was based on incomplete information. The evidence established, however, that Dr. Aidem examined petitioner both prior and subsequent to the time Dr. Fountain performed the EMG exam. On both occasions he found petitioner's condition to be the same and to be stationary. Dr. Aidem was also asked at the hearing, after he had reviewed Dr. Fountain's report, though apparently not one containing any reference to the EMG test, whether there was anything therein to cause him to change his opinion of petitioner's condition. He answered that there was nothing. Furthermore, the results of the EMG tests were not described or presented to Dr. Aidem with a solicitation of whether such results would have affected his diagnosis. In *Castillo v. Industrial Commission*, 24 Ariz. App. 315, 538 P.2d 402 (1975), we rejected

an argument relating to the use of EMG reports identical to that here raised by petitioner. It is true that in *Castillo* we did not cite or refer to our prior opinion in *O'Donnell, supra.* While in our opinion *O'Donnell* is distinguishable on its facts, to the extent that it might be in conflict with our subsequent opinion in *Castillo, supra,* we hereby reaffirm *Castillo* and the principles set forth therein, and hold that Dr. Aidem's testimony furnished adequate support for the Commission's award.

In conclusion, we hold that the Commission correctly found that petitioner's request for hearing vested the Commission with jurisdiction even though the notices of claim status to which the request was directed might be considered ambiguous. There was also adequate support in the record for the hearing officer's finding that petitioner had become medically stationary with no permanent mental or physical disability.

The award is affirmed.

NELSON, P. J., and EUBANK, J., concurring.