551 P.2d 577

**HOLMES TUTTLE BROADWAY FORD and Continental Casualty Company, Petitioners,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Glenn E. Hower, Respondent Employee,**

**Mission Insurance Company, Respondent Carrier.**

**Glenn E. HOWER, Cross-Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mission Insurance Company and Holmes Tuttle Broadway Ford, Cross-Respondents.**

**No. I CA–IC 1320.**

Court of Appeals of Arizona, Division 1, Department C.

June 29, 1976.

Rehearing Denied July 30, 1976.

Chandler, Tullar, Udall & Richmond by William J. Augustine, Tucson, for petitioners and cross-respondent Holmes Tuttle Ford.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for cross-petitioner and respondent employee Hower.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Ariz.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Donald L. Cross, Phoenix, for respondent carrier and cross-respondent Mission Ins. Co.

## OPINION

HAIRE, Chief Judge, Division 1.

This review of a consolidated decision and award entered by the respondent Commission in a workmen's compensation proceeding involves as parties an employer, two carriers who insured the employer at different points in time, and the injured employee. The Commission's consolidated decision and award adjudicated four different industrial claims involving the injured employee. However, review has been sought concerning only two of those claims, one of which involves an injury occurring on May 9, 1972, and the other involving injuries allegedly occurring on March 9, and March 19, 1973. Holmes Tuttle Broadway Ford was the employer at all pertinent times, with Continental Casualty Company being the workmen's compensation coverage carrier at the time of the May 9, 1972 injury, and Mission Insurance Company being the carrier at the time of the March 1973 injuries.

Because of the nature of the questions presented on both Continental's petition for review and the employee's cross-petition, it is necessary to set forth in chronological order pertinent procedural events.

Considering first the May 9, 1972 injury, the significant dates are as follows:

| | |
|---|---|
| May 9, 1972 | Date of injury involving employee's neck and left arm. |
| August 8, 1972 | Notice of claim status accepting the claim for benefits issued by carrier Continental Casualty Company. |
| June 19, 1973 | Notice of claim status terminating benefits effective March 9, 1973, issued by Continental Casualty Company, stating: "Claimant suffered new injury from new accident." |
| February 27, 1974 | Petition to reopen filed by employee, stating: "I have new, additional or previously undiscovered disability causally related to the above injury of May 9, 1972." |
| March 28, 1974 | Notice of claim status denying petition to reopen issued by carrier Continental Casualty Company. |
| April 3, 1974 | Request for hearing filed by employee concerning notice of claim status of March 28, 1974, denying petition to reopen. |

Under A.R.S. § 23-947, generally the Commission may not grant a hearing concerning a determination made by a carrier in its notice of claim status unless the employee files a request for hearing within 60 days after notice of that determination. *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972). Here, it is readily apparent that the employee did not timely request such a hearing concerning Continental's June 19, 1973 notice of claim status which terminated all benefits relating to the May 9, 1972 injury. In fact, he has not to this date requested such a hearing. His only request for hearing, insofar as concerns the May 9, 1972 injury, was specifically directed to the carrier's March 28, 1974 notice of claim status denying his pe-

tition to reopen. Thus, the issues relating to the May 9, 1972 injury to be considered by the hearing officer at the hearing scheduled pursuant to the employee's request for hearing were whether, after all benefits have been terminated by the carrier's June 19, 1973 notice of claim status, the employee had sustained new, additional or previously undiscovered disability or condition causally related to the May 9, 1972 injury, so as to justify reopening. Notwithstanding the foregoing, in the hearing officer's decision and award following the hearings, he did not address himself to the issues of whether the employee had sustained his burden of showing new, additional or previously undiscovered disability, but rather found that Continental's notice of claim status issued June 19, 1973, some 17 months earlier, was "ineffective and a nullity".

We are unable to find any indication in the record that any question relating to the June 19, 1973 notice of claim status had been submitted to the hearing officer for decision. No request for a hearing relating to that notice of claim status had ever been filed. We are not presented with a situation where after the filing of a request for hearing and a hearing on the jurisdictional issue, the hearing officer has determined that facts exist which would justify waiving the untimeliness of the filing of a request for hearing, and then has proceeded to consider the merits of the carrier's prior termination of benefits. Rather, it is clear from the hearing officer's decision that he *sua sponte* considered the question of the validity of Continental's June 19, 1973 notice of claim status, and determined that it was absolutely void and therefore subject to attack at any future time without the necessity of filing a request for hearing. We find no support in the record for such a finding or result by the hearing officer. Rather, the hearing officer's reasoning indicates a basic lack of understanding of the statutory scheme provided by the legislature whereby the insurance carrier is given the right and the duty

to initially make *ex parte* decisions relating to the processing and payment of workmen's compensation and medical benefits without the necessity of an award or determination by the Commission. *See* A.R.S. § 23–1061G. The statutes provide a means by which the dissatisfied claimant may obtain a hearing and an adjudication of controversies arising out of the carrier's *ex parte* determination as set forth in its notice of claim status. *See* A.R.S. §§ 23–1061F, 23–901A and 23–947. However, as provided by the statutes, absent a request for hearing within 60 days, or the showing of circumstances warranting the waiver of the 60 day filing limit, the carrier's determination as embodied in its notice of claim status becomes final and not thereafter subject to attack on the merits. *Kleinsmith v. Industrial Commission,* 26 Ariz.App. 77, 546 P.2d 346 (1976), majority opinion approved and adopted as the opinion of the Arizona Supreme Court, 113 Ariz. 189, 549 P.2d 161 (filed May 10, 1976).

As we stated recently in our opinion in *McMurray v. Industrial Commission,* 25 Ariz.App. 614, 545 P.2d 462 (1976):

"A.R.S. § 23–1061F requires that a carrier give notice to a claimant of any denial of a claim, any change in the amount of compensation or the termination thereof. Section 23–941A and 23–947 provide for the filing of a request for hearing as a method to invoke the jurisdiction of the Commission for the purpose of resolving controversies arising between the parties. *The fact that a notice of claim status may have been erroneously issued, legally wrong, or ambiguous might well furnish the basis for the controversy which must then be resolved.*" 545 P.2d at 464 (Emphasis added).

Examining in detail the hearing officer's reasons for holding Continental's notice of claim status "ineffective and a nullity", it is our opinion that even if we were to assume the correctness of the hearing officer's legal conclusions, we would still be

faced only with matters that were waived by the employee's failure to timely request a hearing relating to said notice of claim status.

■ The hearing officer's first basis for nullity is that the June 19, 1973 notice of claim status, by terminating benefits effective March 9, 1973, violates the 30 day retroactivity limitation of Rule 18(a), Rules of Procedure, Industrial Commission of Arizona. We hold that any violation involved was waived by the employee's failure to timely request a hearing, and, in any event the only consequence of a timely objection and request would have been to limit the retroactive effect of the termination, rather than a complete nullification thereof.

The next basis set forth by the hearing officer for finding the notice of claim status a nullity was that it was not in accord with the theory of a "three stage compensation plan" described in *Hardware Mutual Casualty Co. v. Industrial Commission,* 17 Ariz.App. 7, 494 P.2d 1353 (1972). Even if we assume the applicability of the general scheme set forth in that decision to the injury here involved in which no lost time had been incurred, the hearing officer's reasoning boils down to the simple contention that the notice of claim status erroneously terminated the employee's benefits at that specific point in time. As we noted in *McMurray, supra,* this is the very type of controversy which must be resolved by timely request for hearing. Any other holding would result in the situation where a notice of claim status would always be subject to future attack upon a showing that for some reason benefits had been erroneously terminated. This would render the statutory time limitations completely meaningless, and our Supreme Court has refused to adopt such a position.[1]

The same reasoning requires a rejection of the third basis advanced by the hearing officer for his finding that the June 19,

1973 notice of claim status was a nullity. Based upon the provisions of A.R.S. § 23–1062 requiring the payment of medical benefits "during the period of disability", the hearing officer reasoned that the carrier had no authority to *"ex parte"* terminate entitlement to compensation benefits on the basis of an additional accident and/or injury received by the employee. In considering this contention, initially we note that the legal premise underlying the hearing officer's reasoning might well be faulty, inasmuch as the carrier is only required to pay such medical benefits as result from the industrial injury, and generally not those resulting from some other unrelated additional accident. *See Payton v. Industrial Commission,* 26 Ariz.App. ——, 551 P.2d 82 (filed June 22, 1976). Further, we have previously commented on the fact that the Arizona statutory scheme contemplates that generally the carrier will in the first instance make an *"ex parte"* determination. Again, and all the foregoing aside, if the carrier was wrong in believing that the employee's newly acquired disabilities after the second accident were caused by that subsequent accident and that therefore the carrier had no responsibility, then the employee's remedy was to timely request a hearing so that the Commission could resolve the controversy between the parties.

We hold that the Commission's hearing officer erred in finding that Continental's June 19, 1973 notice of claim status was ineffective and a nullity. He should have considered and ruled upon the issues relating to the employee's petition to reopen, which issues were properly before him by reason of the employee's timely filed request for hearing. Since the hearing officer did not consider the sufficiency of the evidence to support the petition to reopen, we have not reviewed the evidence pertaining to that issue.

■ We next consider the question raised in the employee's cross-petition di-

---

1. *See* Judge Nelson's dissent, *Kleinsmith v. Industrial Commission, supra.* The Arizona

Supreme Court adopted the opinion of the Court of Appeals' majority.

rected against the respondent carrier, Mission Insurance Company. This same question was also raised in Continental Casualty Company's opening brief, and concerns the hearing officer's dismissal of the employee's request for hearing relating to the injuries allegedly occurring on March 9 and March 19, 1973, at which time Mission Insurance Company carried the respondent employer's workmen's compensation coverage. The pertinent dates are as follows:

| | |
|---|---|
| March 9, 1973 | Injury, lumbosacral sprain. |
| March 19, 1973 | Injury to neck. |
| April 30, 1973 | Claim filed by employee for workmen's compensation benefits. |
| May 25, 1973 | Notice of claim status denying compensability, issued by Mission Insurance Company. |
| October 15, 1973 | Request for hearing filed by employee directed to notice of claim status of May 25, 1973. |

---

After considering the evidence presented at the consolidated hearings, the hearing officer dismissed the employee's request for hearing concerning Mission's May 25, 1973 notice of claim status, finding that the request was untimely filed and that the employee had failed to meet his burden of showing a basis upon which relief from that failure could be granted.

In determining whether the untimely request for hearing relating to the March 1973 injuries should be dismissed, the hearing officer must allow the parties to present evidence relating to the matter, and if the evidence shows that the claimant appears to have meritorious reasons for the late filing, the facts do not establish excessive delay, and the delay does not in some way prejudice the insurance carrier, then the hearing officer should waive the untimeliness of the filing. *Kleinsmith v. Industrial Commission, supra.* We have examined the evidence adduced at the hearing on the untimeliness issue, and in our opinion the hearing officer abused his discretion in failing to waive the untimeliness of the filing.

Here the request for hearing was filed approximately 83 days late, and there is nothing in the evidence to show any prejudice resulting to the insurance carrier. Although the hearing officer's findings are not phrased in the language of the above-stated test, it is apparent to the Court that he did not consider the delay excessive, but rather made his decision based upon his conclusion that based upon prior case law, a meritorious reason for delay had not been shown. The evidence on this issue shows that after receiving the notice of claim status, the employee was aware that he had a limited time within which to file a request for hearing; that he obtained the proper forms for this purpose from the Commission; that he had called an attorney about the matter; that his wife took the papers to the business manager of the employer and had been told by him that he didn't need to have an attorney; that before the time for filing expired the business manager had undertaken the responsibility of sending the forms to the Commission; that through neglect on the business manager's part the request for hearing was not filed on time; and that this was discovered by the employee sometime after he returned from vacation in September. There was also evidence that after the employer's business manager had been advised by the claimant of the carrier's denial of the claim, the business manager had discussed the denial with a representative of the carrier. However, there is nothing in the record which would support an infer-

ence that the carrier in any way misled either the business manager or the claimant, or caused or contributed to the employer's failure to timely file the request for hearing.

After setting forth the facts in evidentiary detail, the hearing officer stated:

" . . . it is felt that the facts of this case as hereinabove set forth distinguish it from those cases in which late filings of claims and/or REQUESTS FOR HEARING were excused; that the late filing of a claim will not be excused even if it arises out of the ignorance of the injured workman and even if that ignorance arises out of the failure of the doctor or the failure of the employer to advise the workman of the right to make a claim for compensation, *Bluma v. Industrial Commission,* 7 Ariz.App. 358, 439 P.2d 521 (1968); the evidence herein is abundantly clear that the applicant is not a first time visitor to industrial proceedings and in fact, even went so far as to obtain the appropriate forms within the prescribed time limits which would have perfected his right to a hearing, as well as making an appointment with an attorney to discuss presentation of his workmen's compensation claim; *Troska v. Industrial Commission,* 14 Ariz.App. 400, 484 P.2d 12 (1971)."

As applied to the facts of this case, we are not certain what "ignorance" the hearing officer had reference to, but in any event both of the Court of Appeals' decisions cited by the hearing officer, *Bluma v. Industrial Commission, supra,* and *Troska v. Industrial Commission, supra,* preceded the Arizona Supreme Court's decision in *Parsons v. Bekins Freight, supra,* and the legal principles relating to an untimely filing stated in *Bluma* and *Troska* must be considered as overruled by *Parsons* and its progeny. In these later decisions the "ignorance" of the claimant has played a substantial part in the Court's reasoning in allowing waiver of time limitations. In *Parsons v. Bekins Freight, supra,* the ignorance of the employee of causal connection

because of lack of medical advice was considered sufficient cause for waiver; in *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974) the ignorance of a claimant and his subjective inability to understand the Commission's average monthly wage notice was considered controlling; *see also Judd v. Industrial Commission,* 23 Ariz.App. 254, 532 P.2d 196 (1975).

■ The employee here relies heavily on *Van Horn v. Industrial Commission,* 111 Ariz. 86, 523 P.2d 783 (1974), in which the Arizona Supreme Court held that the employer was estopped from asserting the untimeliness of the filing of a claim where the filing was delayed by the acts of the employer. In our opinion *Van Horn* is to some degree distinguishable in that there was no carrier involved, and it appears that the employer intentionally misled the claimant. Here, if the carrier itself had participated in the neglect of the employer which led to the untimely filing, we believe *Van Horn* would be directly in point. But, as the carrier points out, here it was the claimant who placed reliance on the employer, and the employer's business manager was certainly not the agent of the carrier, and in addition the carrier has done nothing to mislead the claimant. We agree that for the purposes of receiving notice of a request for hearing, the employer is not merely by reason of the existence of the insurer-insured relationship, the agent of the carrier. *Cf.* A.R.S. § 23–963(1). However, we do not believe that a showing of such an agency relationship is necessary in order to establish meritorious reasons for the late filing. Nothing in the evidence indicates anything other than a good faith reliance by the employee on his employer, after affirmative action by the employer which led the employee to forego direct filing or further consultation with an attorney. Under these circumstances, and in the absence of any showing of prejudice to the carrier, and bearing in mind the relationship of trust which might be expected to exist between an employer and

**134**

employee, which relationship is exemplified by the facts here presented, we hold that the hearing officer abused his discretion in dismissing the claimant-employee's request for hearing concerning Mission's notice of claim status dated May 25, 1973.

Some claim was made in Continental's reply brief and on oral argument that the hearing officer should apportion between the carriers the responsibility for the employee's present disability. Inasmuch as we must set aside the award for the reasons stated above, we have not considered the question of whether the evidence would furnish any support for apportionment. For a discussion of the legal principles involved, the attention of the parties is directed to this Court's opinion in *Morrison-Knudsen Company, Inc. v. Industrial Commission*, 27 Ariz.App. 1, 550 P.2d 648 (filed June 15, 1976).

The decision and award of November 19, 1974, relating to the injury of May 9, 1972 (ICA Claim No. 2/3–57–41) and the alleged injuries of March 9 and March 19, 1973 (ICA Claim No. 3/3–07–25) is set aside.

EUBANK, P. J., Department C, and NELSON, J., concur.